Edward Leonard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 5, 1981, to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Eugene J. Doud*, for petitioner.

*Richard Wagner*, Chief Counsel, *Joel G. Cavicchia*, Associate Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, July 6, 1981:

Edward Leonard appeals from the Unemployment Compensation Board of Review which affirmed the

referee's denial of benefits on the ground that his unemployment was due to willful misconduct.[1]

The claimant applied for employment with Affiliated Foods on July 6, 1979. The application contained the question, ''Are you related to anyone in our employ? (Who and How),'' which the claimant answered, ''No.'' In April 1980, upon becoming aware that the claimant's stepfather, with whom he resides, was an employee of Affiliated Foods and had been so employed since before the time of claimant's application, the employer discharged the claimant for having falsified his application.

The claimant does not contest those facts, but contends that his negative answer cannot be considered willful misconduct because (1) it was not deliberate falsification in that he believed the word ''relative'' to encompass only blood relatives, and (2) the underlying policy of not hiring employees' relatives was not uniformly applied.

We find no merit in either contention. The record fully supports the referee's[2] conclusion that the claimant, who sought advice from his friends but not from the employer, was aware of the significance of the question. The claimant's failure to inquire of the logical source demonstrated a conscious indifference to his duty to provide accurate information to the employer, indifference which constituted willful misconduct.

*MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974) is readily distinguished; there, claimant had fully and truthfully divulged the requested in-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The board affirmed the referee's decision without making independent findings.

formation, and had omitted it, in good faith, from a *later* personnel submission; he thus had provided the pertinent data to the employer and clearly had no intention to deceive when he omitted it from the later submission. Here good faith does not appear as it did in *MacFarlane*.

We cannot hold as a matter of law that the unemployment authorities erred in concluding that the claimant's misrepresentation was deliberate and therefore was willful misconduct.

On claimant's second point, the employer admitted that there were several employees related to each other; however, the evidence is conflicting as to whether those employees were "grandfathered" by having been employed before 1976, when the employer established the no-relatives policy, or whether they had been hired after that date. That factual conflict appears to have been resolved in the employer's favor by the unemployment authorities, and that resolution is binding on this court.

Accordingly, we affirm the board.

ORDER

Now, July 6, 1981, the August 7, 1980 order of the Unemployment Compensation Board of Review, decision No. B-186643 is affirmed.