512 A.2d 96

Steven B. Carlantonio, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Morris D. Bernstein, Galfand, Berger, Senesky, Lurie & March,* for petitioner.

No appearance for respondent.

*James J. Sullivan, Jr.,* with him, *Marjorie H. Gordon, Pepper, Hamilton & Scheetz,* for intervenor, Hahnemann University.

OPINION BY JUDGE CRAIG, July 16, 1986:

Steven B. Carlantonio appeals from an order of the Pennsylvania Unemployment Compensation Board of Review affirming a referee's decision that Carlantonio's acts of misrepresentation constituted willful misconduct under section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e), thereby disqualifying him for benefits. We affirm.

Carlantonio does not dispute the board's Findings of Fact Nos. 1 through 4 inclusive, which are summarized as follows. Carlantonio was employed by Hahnemann University as the director of physical plant maintenance from 1975 to 1984. In 1982, Frank Bienkowski applied for the position of electrical division foreman with Hahnemann University. Carlantonio recommended that Bienkowski be given the position and thereafter Bienkowski was hired. At the time Carlantonio recom-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§751-914.

mended Bienkowski for the position of electrical foreman, he was a close friend of Bienkowski and he knew that Bienkowski had been employed by Sun Ship Company for the last eight years as a security guard.

The board's Findings of Fact Nos. 6, 7 and 8, which Carlantonio also does not dispute, establish Bienkowski's admitted falsification of his employment application, and Carlantonio's statements to Hahnemann University officials that he did not know Bienkowski before Bienkowski's employment with Hahnemann University and that he had no knowledge of his work experience.

Findings of Fact Nos. 5, 9 and 10, which Carlantonio challenges as not being supported by substantial evidence, are as follows:

5. University officials later discovered that the individual recommended by the claimant was having difficulties carrying out his assignments in some areas and they were also informed by letter, by an individual not named at the hearing, that the employee recommended by the claimant did not have the proper qualifications for the position of chief electrician.

9. University officials, upon reviewing the entire matter, discharged the claimant for aiding and being involved in the hiring of a non-qualified personal friend and later not revealing these facts when questioned by university officials.

10. The claimant lacked a justifiable reason for his actions.

### Competent Evidence of Willful Misconduct

Carlantonio contends that Finding of Fact No. 5 is not supported by substantial evidence. In particular, Carlantonio argues that the record "reveals no competent evidence supporting the contention that the indi-

vidual here in question, Mr. Francis Bienkowski, was having any 'difficulties carrying out his assignments in some areas.' " Carlantonio concedes that evidence which could support the first part of Finding of Fact No. 5 is the testimony of Mr. Costello, the Assistant Vice President for Human Resources of Hahnemann University, who testified that Mr. Papnier had informed him that Bienkowski was experiencing problems in his position as foreman of the electrical department. However, Carlantonio argues that this testimony is hearsay.

Hearsay evidence, offered against objections, as here, cannot by itself support a finding. Even where there is no objection, hearsay evidence can support a finding only if it is corroborated. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Because Costello had no firsthand knowledge of Bienkowski's work problems, his testimony is hearsay. *Harrison v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 364, 383 A.2d 965 (1978). Hence, the first part of Finding of Fact No. 5 cannot stand because it was based entirely on hearsay.

Carlantonio does not direct a hearsay challenge to the second part of Finding of Fact No. 5, that the university officials were informed by letter that the employee recommended by the claimant did not have the proper qualifications for the position of chief electrician, but argues generally that this finding is not supported by substantial evidence. After a thorough review of the record, we conclude that the second part of Finding of Fact No. 5 is supported by substantial evidence.

The record is replete with testimony to support Finding of Fact No. 9, that the university officials discharged the claimant for aiding and being involved in the hiring of a non-qualified personal friend and later not revealing these facts when questioned by university officials.

With respect to the board's Finding of Fact No. 10, that the claimant lacked justifiable reasons for his actions, Carlantonio testified that he made the misrepresentations to the employer because he wanted to protect a competent supervisor whom he believed Hahnemann University intended to fire, and he wanted to protect his own job because he believed that Hahnemann wanted to fire him also. Notwithstanding Carlantonio's beliefs, he was obligated to tell Hahnemann University the truth. The board's finding on lack of good cause is supported by the record.

We conclude that there is substantial, competent evidence to support the board's findings, except for the first part of Finding of Fact No. 5. The absence of that portion does not affect the board's other findings of fact.

### Willful Misconduct

Carlantonio contends that the board erred in concluding that his actions constituted willful misconduct. The question of whether an employee's actions constitute disqualifying willful misconduct is one of law, subject to judicial review. *LeGare v. Unemployment Compensation Board of Review*, 498 Pa. 72, 444 A.2d 1151 (1982). Willful misconduct is established

> when an employee's behavior constitutes a wanton and willful disregard of the employer's interest, the deliberate violation of the employer's rules, the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Harris v. Unemployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 537, 539, 447 A.2d 1060, 1061 (1982).

Clearly, Carlantonio's acts of misrepresentation were inimical to the employer's interests and fell below the "standards of behavior which an employer can rightfully expect from his employee." *Leonard v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 336, 431 A.2d 1108 (1981); *Lee v. Temple University,* 26 Pa. Commonwealth Ct. 156, 363 A.2d 890 (1976). We conclude that there is substantial evidence to support the board's findings and the conclusion that Carlantonio's acts of misrepresentation constituted willful misconduct, rendering him ineligible for unemployment compensation benefits.

Accordingly, we affirm the decision of the board.

ORDER

Now, July 16, 1986, the order of the Pennsylvania Unemployment Compensation Board of Review No. B-237165, dated January 4, 1985, is affirmed.