**Joan H. LARSON, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD and Midland Equipment, Appellees.**

No. 90–975.

Supreme Court of Iowa.

Sept. 18, 1991.

Devon Hintz–Miller of the Legal Aid Soc. of Polk County, Des Moines, for appellant.

Joe E. Smith of the Employment Appeal Bd., Des Moines, for appellee Employment Appeal Bd.

Michael J. Green and LuAnn L. Barnes of Hopkins & Huebner, P.C., Des Moines, for appellee Midland Equipment.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

In an application for unemployment benefits the parties dispute whether the employee was discharged for misconduct. The record is clear that she could have been, but was not. We find no support for an agency finding that misconduct was the reason employment was terminated. Hence we reverse a district court affirmance of final agency action denying benefits.

■ There was abundant evidence that the claimant, Joan Larson, was unqualified for a secretarial position she took with the employer, Midland Equipment. Before being hired Larson stated she could type thirty-five words per minute. While on the job it took her twenty to twenty-five minutes to type a forty-word invoice. According to the record she also stated she had computer experience but in fact had only attended one day of class training. In general the record supports the agency finding that she was woefully inadequate for the position.

■ Although Larson contends otherwise the rule seems well settled that misrepresentations made by an employee on a job application or interview can constitute misconduct so as to preclude an award of unemployment benefits. *Brown v. Iowa Beef Processors,* 107 Idaho 558, 559, 691 P.2d 1173, 1174 (1984); *Independent School Dist. v. Hansen,* 412 N.W.2d 320, 323 (Minn.App.1987); *Heitman v. Cronstroms Mfg., Inc.,* 401 N.W.2d 425, 428 (Minn.App.1987); *Leonard v. Commonwealth of Pennsylvania,* 60 Pa.Commw. 336, 337–38, 431 A.2d 1108, 1109 (1981); *Scott v. Commonwealth of Pennsylvania,* 82 Pa.Commw. 113, 115, 474 A.2d 426, 426–27 (1984); *Macey v. State of Washington,* 110 Wash.2d 308, 320–21, 752 P.2d 372, 378–79 (1988); *Miller Brewing Co. v. Department of Indus. Labor & Human Relations,* 103 Wis.2d 496, 505, 308 N.W.2d 922, 927 (1981); *see also* Annotation, *Right to Unemployment Compensation as Affected by Misrepresentation in Original Employment Application,* 23 A.L.R. 4th, 1272, 1276 (1983); 81 C.J.S. *Social Security and Public Welfare* § 222, at 437 (1977). Ordinary "puffing" about qualifications, however, does not amount to misconduct. The falsification or misrepresentation must be materially related to job performance in order to bar the award of the benefits. *Heitman,* 401 N.W.2d at 427–28.

The department of employment services

has adopted a definition of misconduct.[1] In *Huntoon v. Iowa Department of Job Services*, 275 N.W.2d 445, 447–48 (Iowa), *cert. denied*, 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979), we upheld the agency's definition of misconduct as an accurate reflection of legislative intent as expressed in Iowa Code section 96.5(2) (authorizing discharge for misconduct).

In defending the agency action, the employer correctly points out that the gross misconduct which appears here qualifies as misconduct under agency rules. The employer then points to our severely circumscribed scope of review in appeals from agency action. Under Iowa Code section 17A.19(8)(e) and (f) our review is on error; the agency decision is binding if it is supported by substantial evidence and based on correct conclusions of law.

■ Notwithstanding the immense deference we accord agency factual findings, we interfere when they have no support in the record. And a careful reading of this record reveals that Larson was fired for her incompetence, not for her deceit. Any claim that she was fired for deceit in applying for employment was a later idea, supplied after the fact of her termination.

The original hearing officer had it exactly right. That officer found that Larson had been dismissed, not for any misconduct, but for unsatisfactory work. This was a reasonable finding in view of the fact that the employer cited unsatisfactory work as the only ground for termination in resisting Larson's application for benefits. And, as that officer pointed out, under the agency definition "mere inefficiency, unsatisfactory conduct, failure in good perform-

ance as the result of inability or incapacity … [is] not to be deemed as misconduct."

After the employer appealed the hearing officer's allowance of benefits an administrative law judge reversed, finding:

> The record establishes that the claimant was discharged because she could not do secretary/receptionist duties, which she had represented on hire that she could. The employer would not have hired her but for her false representations. Her failure and deliberate dishonesty was a material breach of the duty she owed her employer.

■ This quoted language is the precise position of the employer in the brief it filed in successfully seeking affirmance by the employment appeal board. The employer is bound by its allegations before the appeal board. *Wilson Trailer Co. v. Iowa Employment Sec. Comm'n*, 168 N.W.2d 771, 776 (Iowa 1969).

The first sentence of the quoted language correctly states the reason Larson was fired: she could not do the work. Though she was eligible to be fired for misconduct in connection with her work application, she was not fired for that reason. On this record Larson's incompetence was the only possible finding on why she was in fact fired. The two quoted sentences which follow do not change the finding; they merely point out what we have already conceded: (1) Larson would not have been hired had she told the truth; and (2) her conduct was a material breach of a duty she owed her employer.

Though she might have been, Larson was not fired for her deceit. She was fired by reason of her incompetence. Under agency rules one who is fired for general

---

**1.** Misconduct is defined as:

> *Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recur-

rence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

345 Iowa Admin.Code 4.32(1)(a) (1988).

incompetence is eligible to draw benefits. The decision of the district court is reversed and the case is remanded for entry of a judgment directing the award of benefits.

REVERSED AND REMANDED.