**Toni C. KLEIDOSTY, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD, Appellee.**

No. 91–344.

Supreme Court of Iowa.

March 18, 1992.

Timothy W. James, Ottumwa, for appellant.

Joe E. Smith, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Toni Kleidosty was an employee of Rolscreen Company in its Oskaloosa, Iowa, plant when she pled guilty to delivery of cocaine, a class "C" felony. Rolscreen fired Kleidosty for violating a company rule that prohibited "illegal, immoral, or indecent" conduct by its employees. A job service hearing officer ruled that Kleidosty was entitled to unemployment benefits, and an administrative law judge agreed. The Employment Appeal Board reversed in a two-to-one decision, ruling that Kleidosty's misconduct caused her unemployment and that her conduct was work connected. On Kleidosty's petition for judicial review, the district court agreed. We affirm.

Kleidosty's sale of cocaine occurred on her own premises and on her own time. It did not involve any other Rolscreen employees. Based on these facts, the administrative law judge ruled "the client's violation of the criminal law in this case had absolutely no connection with her employment."

Rolscreen argues that committing a felony, especially one involving drugs, constitutes a violation of Rolscreen's "class 1" rules. Such an act is characterized in Rolscreen's employee manual as "most serious" and of such magnitude as "will usually require immediate discharge." Under the company's rules, class 1 violations include:

2. Illegal, immoral or indecent conduct.

. . . .

8. Drinking alcoholic beverages or using a controlled substance on Company premises or on Company time.

9. Selling, giving, trading or possession of a controlled substance on Company premises at any time.

While rules 8 and 9 relate specifically to controlled substances, they require that the act occur on company premises or on company time. Rule 2, dealing with illegal or immoral conduct, is not restricted to time or place.

Iowa Code section 96.5(2)(a) (1989) provides that:

An individual shall be disqualified from receiving benefits if the individual has been discharged for misconduct in connection with employment.

Misconduct has not been defined by statute; however, this definition is provided by the Department of Employment Services:

*Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and sub-

stantial disregard of the employer's interests or of the employee's duties and obligations to the employer.

345 Iowa Admin.Code 4.32(1)(a). Our court has frequently approved this definition. *See, e.g., Larson v. Iowa Dep't of Job Serv.,* 474 N.W.2d 570, 571–72 (Iowa 1991); *Anderson v. Warren Distrib. Co.,* 469 N.W.2d 687, 689 (Iowa 1991); *Higgins v. Iowa Dep't of Job Serv.,* 350 N.W.2d 187, 189–90 (Iowa 1984); *Huntoon v. Iowa Dep't of Job Serv.,* 275 N.W.2d 445, 447–48 (Iowa 1979).

Under the statutory guide for interpretation of chapter 96, our employment security statute is said to exist for "the benefits of persons unemployed through no fault of their own." Iowa Code § 96.2 (1989). This rule of interpretation and the department's rule defining misconduct are consistent with the general rule. It is said that

> [t]he basic principle at the root of an unemployment compensation statute, justifying the exercise of the police power of the state in its enactment, is that the reserves set aside from the enforced contributions of employers are to be used for the benefit of persons unemployed through no fault of their own. Thus, misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

76 Am.Jur.2d *Unemployment Compensation* § 52, at 945–46 (1975).

The Employment Appeal Board and the district court concluded that Kleidosty was not unemployed "through no fault of her own" but because she committed a crime in the face of a company rule that expressly prohibited illegal conduct.

Under Iowa Code sections 17A.19(8)(e) and (f), our review in this case is on error, and the agency's decision is binding if it is supported by substantial evidence and based on correct conclusions of law. *Larson,* 474 N.W.2d at 572; *Anderson,* 469 N.W.2d at 688.

Kleidosty has pointed to several cases involving similar acts by an employee off the premises and off company time that have not resulted in a loss of unemployment benefits. She points to a lack of evidence showing a direct connection between her act and the employer's business.

This case, however, does not turn on what adverse effects Kleidosty's conduct actually had on Rolscreen's business. Rather, it involves a violation of a specific work rule prohibiting immoral or illegal conduct, and the issue under the department's misconduct rule is whether the act falls within its parameters. An act constitutes misconduct if it shows a wanton or willful disregard of the employer's interests, a disregard of standards of behavior that the employer has a right to expect, or constitutes a "deliberate violation of the employer's rules." 345 Iowa Admin.Code 4.32(1)(a).

We believe it is clear under the evidence in this case that the employer's rules regarding such conduct were clear and that Kleidosty's act of selling cocaine in the face of a rule constitutes a "deliberate violation" under the definition of misconduct.

Denial of unemployment compensation benefits for conduct off the premises comports with cases decided by other jurisdictions. *See, e.g., In re Bruggeman,* 477 N.Y.S.2d 449, 101 A.D.2d 973 (1984) (claimant denied unemployment compensation based on off-premises sale of controlled substance); *Masom v. Commonwealth Unemployment Compensation Bd.,* 107 Pa. Cmwlth. 616, 528 A.2d 1057 (1987) (county employment specialist discharged for drug possession, an act found to be inconsistent with her job responsibilities and inimical to her employer's interests); *Dean v. South Dakota Dep't of Labor,* 367 N.W.2d 779 (S.D.1985) (employee fired because of shoplifting arrests, denied unemployment com-

pensation, found to have committed act reflecting adversely on employer).

We believe substantial evidence supports the agency and the district court in their conclusion that Kleidosty's act constituted misconduct under our administrative rules, and cases, and that the denial of unemployment compensation was therefore proper.

AFFIRMED.