Mary A. WALKER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 97–AA–1190.

District of Columbia Court of Appeals.

Submitted April 29, 1999.
Decided May 27, 1999.

Mary A. Walker, filed a brief pro se.

Michael A. Milwee, Washington, DC, was on brief for respondent.

Before TERRY, STEADMAN and RUIZ, Associate Judges.

PER CURIAM:

Appellant Mary A. Walker challenges the DOES Office of Appeals and Review's upholding of an appeals examiner's decision to deny unemployment benefits based on misconduct D.C.Code § 46–111(b)(2) (1996). We affirm the agency's decision.

We defer to agency findings of fact so long as they are supported by substantial evidence. *Cooper v. District of Columbia Dep't of Employment Servs.,* 588 A.2d 1172, 1174 (D.C.1991). Evidence in the record supports a finding that Walker presented false and misleading information about the circumstances of a prior job termination on her application for employment with the Library of Congress.[1]

We also see no basis to disturb the agency's legal conclusion that a false employment application warrants a finding of "other than gross" misconduct, disqualifying the applicant from unemployment benefits to the extent provided in D.C.Code § 46–111(b)(2) and its accompanying regulations. *Smith v. District of Columbia Dep't of Employment Servs.,* 548 A.2d 95, 97 (D.C.1988). Other agencies and courts, in defining misconduct under similar statutes, have concluded that misrepresentation on an employment application falls within that category. *See Scott v. Com-*

monwealth Unemployment Compensation Bd. of Review, 82 Pa.Cmwlth. 113, 474 A.2d 426 (1984); *Leonard v. Commonwealth Unemployment Compensation Bd. of Review,* 60 Pa.Cmwlth. 336, 431 A.2d 1108 (1981); *Mirra v. Catherwood,* 31 A.D.2d 703, 295 N.Y.S.2d 775 (1968); *Woodhams v. Ore–Ida Foods, Inc.,* 101 Idaho 369, 613 P.2d 380 (1980).

*Affirmed.*

---

1. Petitioner failed to appear at the hearing before the appeals examiner. She sought a new hearing from the Director, saying that she had misunderstood the date of the hearing, without further explanation. The Di-

rector ruled that she had failed to show good cause within the meaning of 7 D.C.M.R. § 316.4 (1986). Petitioner does not challenge this ruling before us.