Donald L. AYERSMAN, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE n/k/a Iowa Department of Employment Services, and Heritage Communications, Inc., Appellees.

No. 86–1771.

Supreme Court of Iowa.

Jan. 20, 1988.

Carolyn F. Coleman and Donna J. Henderson, Des Moines, for appellant.

Blair H. Dewey and William C. Whitten, Des Moines, for appellee Iowa Dept. of Employment Services.

Linda L. Haley, Des Moines, for appellee Heritage Communications.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

The controlling question is whether substantial evidence supports an agency finding that there was misconduct on the part of the employee-claimant which justified his being fired. On judicial review of agency action the district court affirmed a denial of unemployment benefits. We agree.

Donald Ayersman was employed as a dispatcher for Heritage Communications, Inc. He is diabetic and claims to be an alcoholic. After previously being warned about drinking on the job he was seen going to his car during working hours, reaching under the seat, pulling a bottle in a sack out, and drinking from it. When confronted by his supervisor and another employee Ayersman smelled of alcohol. He was discharged from his job the same evening.

On the day of his discharge Ayersman checked into a Des Moines treatment facility for alcoholics and has since generally refrained from consuming alcohol. After his discharge he applied for unemployment benefits which the agency denied upon finding that he was acting of his own volition when he decided to drink while working.

The holding must be upheld if it is supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Maschino v. Geo. A. Hormel & Co.*, 372 N.W.2d 256, 258 (Iowa 1985). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *Meads v. Iowa Dep't of Social Servs.*, 366 N.W.2d 555, 558 (Iowa 1985). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. *Contract Servs., Ltd. v. Iowa Dep't of Job Serv.*, 372 N.W. 2d 212, 215–16 (Iowa 1985).

In *Huntoon v. Iowa Department of Job Services*, 275 N.W.2d 445 (Iowa 1979), we addressed a claim similar to the one made here. There a deputy sheriff took two prisoners out drinking and became too intoxicated to return them to the jail. Huntoon asserted his conduct was induced by alcoholism and thus that his actions were not volitional. We upheld the agency's finding that Huntoon was discharged for misconduct. *Id.* at 448.

We think the agency's decision must also be upheld in the present case. The record, viewed as a whole, supports the hearing officer's finding of volition. Evidence of the fact that Ayersman promptly faced up to his alcoholism and thereafter refrained from drinking qualifies as substantial. Volition is the only disputed factual issue in the case.

DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.