Richard L. BREITHAUPT, Appellee,

v.

**EMPLOYMENT APPEAL BOARD, Appellant.**

**No. 89–431.**

Court of Appeals of Iowa.

Jan. 25, 1990.

Blair H. Dewey, Des Moines, and William C. Whitten, Knoxville, for appellant.

Kevin G. Magee, Legal Services Corp. of Dubuque, Iowa, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

The Employment Appeal Board appeals a district court decision reversing a ruling by the board. The board claims the district court erred in reversing its finding that petitioner had been discharged for misconduct. We affirm the decision of the district court.

Petitioner Richard L. Breithaupt was employed by Frommelt Industries, Inc. Frommelt had a company policy which provided that if an employee were suspected of having alcohol in his system he would be required to have a blood alcohol test. If the test was positive, the employee would be required to have a substance abuse evaluation. If treatment was recommended the employee would be required to successfully complete treatment.

On December 18, 1987, Breithaupt went to the plant nurse because he had a piece of steel in his eye. She detected the odor of alcohol on his breath. Breithaupt was

required to submit to a blood alcohol test. The test showed he had .091 percent alcohol in his blood. Breithaupt went to two different substance abuse treatment facilities, both of which recommended treatment. He began outpatient treatment on February 1, 1988, but after attending two four-hour sessions he decided not to continue. Frommelt then discharged him.

Breithaupt filed a claim for unemployment compensation. A Job Service representative denied his claim on the ground he had been discharged for misconduct. After a hearing, a hearing officer affirmed the earlier decision. The hearing officer found that Breithaupt had deliberately refused to obey the company rule about undergoing treatment when it was recommended by a professional organization. The Employment Appeal Board affirmed the hearing officer.

Breithaupt filed a petition for judicial review. The district court found there was no evidence of how petitioner's misconduct related to his employment contract. The court also found that Breithaupt's failure to follow through with treatment did not evince a willful and wanton disregard of the employer's interest. Breithaupt was not fired for coming to work intoxicated but for failing to attend a substance abuse treatment facility for twenty hours a week outside of working hours. The court reversed and remanded the agency decision.

The Employment Appeal Board appealed. The board points out that Frommelt's substance abuse policy is based on Iowa Code section 730.5 which permits employers to impose such requirements. Breithaupt was aware of the company's policy but decided to drop out of the outpatient treatment program and failed to provide Frommelt any other evaluation by any other substance abuse professional organization as required by the policy. The board argues that Breithaupt's conduct constituted misconduct.

■ Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited under Iowa Code section 17A.20 to the correction of errors at law. *Boyd v. Iowa Department of Job Service,*

377 N.W.2d 1, 2 (Iowa App.1985). The review function of the district court under section 17A.19(8) is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Budding v. Iowa Department of Job Service,* 337 N.W.2d 219, 221 (Iowa App.1983). In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979).

Iowa Code section 96.5(2) provides that a claimant is disqualified from unemployment benefits "[i]f the department finds that the individual has been discharged for misconduct in connection with the individual's employment."

Misconduct is defined by 345 Iowa Administrative Code 4.32(1) as:

[A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has a right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are

not to be deemed misconduct within the meaning or the statute.

This definition has been accepted by the Iowa Supreme Court as accurately reflecting the intent of the legislature. *Huntoon v. Iowa Dept. of Job Service*, 275 N.W.2d 445, 448 (Iowa 1979), *cert. denied*, 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979).

Misconduct must be substantial in order to justify a denial of unemployment benefits. *Henry v. Iowa Dept. of Job Service*, 391 N.W.2d 731, 734 (Iowa App.1986). Misconduct serious enough to warrant the discharge of an employee is not necessarily serious enough to warrant a denial of benefits. *Budding*, 337 N.W.2d at 222.

In this case Frommelt admitted that Breithaupt had never had any other problems at work regarding substance abuse, absenteeism, tardiness, or work quality. Breithaupt worked for Frommelt for about a year and half. This incident was Breithaupt's first problem of any nature with the company. He was discharged for violating Frommelt's substance abuse policy in that he did not complete the treatment program recommended by substance abuse treatment agencies. Breithaupt continued his employment with Frommelt for approximately a month after the incident before he was discharged. Breithaupt testified that he dropped out of the treatment program after two days in the outpatient program because he felt that he did not have a drinking problem.

The agency concluded that since Breithaupt had an elevated blood alcohol level while at work on December 18 and because he refused to comply with two separate treatment programs and deliberately refused to obey the company substance abuse rule about undergoing treatment, he was discharged because of job-related misconduct. The issue before us is whether the conduct of Breithaupt, under the circumstances of this case, can be misconduct for the purpose of denying unemployment benefits.

As previously noted, "misconduct" is conduct which evinces a willful disregard of an employer's interest as is found in a deliberate violation or disregard of the standards of behavior which an employer has a right to expect of employees. 345 Iowa Admin.Code 4.32(1). When an assembler in a machine shop arrives at work at 7:00 a.m. and four and one-half hours later has an alcohol blood content level of .091, an employer may be justifiably concerned. Questions of employee safety and productivity arise when an employee is under the influence of alcohol.

In this case, Frommelt attempted to address Breithaupt's problem by seeking a substance abuse evaluation for him. The recommendations following from two separate evaluations advised of the need for substance abuse treatment for Breithaupt. When he refused to complete the recommended treatment, he was discharged.

Our supreme court has recognized the consumption of alcohol at the work place can constitute misconduct, *Ayersman v. Iowa Dept. of Job Service*, 417 N.W.2d 466, 467 (Iowa 1988), and our legislature has recognized the right of employers to discharge employees who fail to successfully complete substance abuse treatment. Iowa Code § 730.5(3)(f) (1989). It is without question employers have the right to expect a drug-free work place, and when an employer is required by statute to provide an employee with substance abuse treatment, as Frommelt was in this case, then an employee's refusal to participate in the program should be regarded as a willful disregard of an employer's interests.

The record in this case reveals the costs for Breithaupt to participate in this program were greater than his actual income. Breithaupt was billed $127.30 for two days of treatment. His earnings for two days amount to only $121.28. Our law specifies the costs of substance abuse treatment are to be apportioned as provided under an employee benefit plan. Iowa Code § 730.5(3)(f) (1989). The employee benefit plan in this case covered only $109.20 of the $236.50 bill.

We are not willing to find an employee has to jeopardize his family's financial security and use his entire earnings to seek substance abuse treatment. To find mis-

conduct in a case like this would unacceptably allow an employer's interests to subordinate an employee's need to apply his earnings to providing sustenance for his family. Due to the Hobson's choice presented to Breithaupt—apply all of your earnings toward substance abuse treatment or lose your job—we do not find misconduct in this case. We affirm the district court decision.

AFFIRMED.