Samuel K. ANDERSON, Appellant,

v.

WARREN DISTRIBUTION COMPANY and Employment Appeal Board, Appellees.

No. 90–502.

Supreme Court of Iowa.

May 15, 1991.

Luke Cosgrove of Legal Services Corp. of Iowa, Council Bluffs, for appellant.

William C. Whitten, Des Moines, for appellee Employment Appeal Bd.

Raymond R. Aranza of Marks & Clare, Omaha, Nebraska, for appellee Warren Distribution Co.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

PER CURIAM.

Samuel K. Anderson appeals from a district court decision upholding the Employment Appeal Board's denial of unemployment benefits. Anderson claims he should not be denied benefits because he contends that his discharge pursuant to Iowa Code section 730.5 (1989) did not constitute misconduct.

Anderson, a resident of Council Bluffs, was employed in stocking and receiving for Warren Distribution Company of Omaha, Nebraska. The company informed its employees on September 1, 1988, that they would be subjected to drug screening, pursuant to Iowa Code section 730.5(7), as a part of their annual physical during the months of November and December. Anderson was notified on November 2 that his physical and drug test would take place November 3. Anderson tested positive for marijuana.

The company required Anderson to submit to a substance abuse evaluation conducted by Family Services of Council Bluffs. Family Services recommended that Anderson undergo outpatient treatment. Because he continued consuming alcohol while in the outpatient program, Family Services changed its recommendation to in-patient treatment. Anderson then obtained a second opinion through Mercy Hospital Chemical Dependency Services. Mercy's evaluator recommended outpatient treatment. Anderson, however, entered neither inpatient treatment nor outpatient treatment. Anderson, who had previously elected not to participate in the company's health insurance plan, claimed that the cost of inpatient treatment was prohibitive. The company then suspended Anderson until he successfully completed inpatient treatment. Because he did not complete, or even enter, treatment, he was discharged on March 6, 1989.

Anderson filed a claim for unemployment benefits. A Job Service representative denied him benefits on the ground that he had been discharged for misconduct. After a hearing, an administrative law judge (ALJ) affirmed, finding that Anderson was guilty of insubordination because of his refusal to comply with the employer's directives. The Employment Appeal Board affirmed the ALJ. On judicial review, the district court affirmed the board. Anderson now appeals.

Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited under Iowa Code section 17A.20 to the correction of errors at law. Thus, when this court reviews a decision of a district court rendered pursuant to Iowa Code section 17A.19, the sole question is whether the district court correctly applied the law. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429 (Iowa 1979).

■ I. Anderson first contends that the notice he received concerning the drug screening was not adequate under Iowa Code section 730.5(7)(b). He argues that the notice must include the exact date of the physical examination and drug screen in order to comply with the statute. This specificity, however, does not appear to be mandated by the statute. We agree with the district court that the notice provided was sufficiently specific to adequately apprise Anderson of the upcoming drug screen.

II. Anderson also contends that there was not substantial evidence that the drug test and substance abuse evaluation complied with Iowa Code sections 730.5(3)(c) and (f). We find there was. Indeed, Anderson does not seriously dispute the fact that he had ingested marijuana and consumed alcohol prior to the drug screen. Responding to the recommendation for inpatient treatment, Anderson argued for a less restrictive treatment alternative which he considered sufficient. However, the ALJ found that the employer's request for inpatient treatment was reasonable and appropriate. We find no basis for rejecting this determination.

III. Finally, Anderson contends that his failure to submit to inpatient treatment did not constitute misconduct for purposes of denying him unemployment benefits. Anderson concedes that section 730.-5(3)(f) allows an employee to be discharged for failure to complete a substance abuse treatment program. He argues, however, that such failure should not be considered misconduct.

Iowa Code section 96.5(2) provides that a claimant is disqualified from unemployment benefits "[i]f the department finds that the individual has been discharged for misconduct in connection with the individual's employment." Misconduct is defined, in part, as behavior in "disregard of standards of behavior which the employer has a right to expect of employees." *See* 345 Iowa Admin.Code 4.32(1); *Huntoon v. Iowa Dep't of Job Serv.*, 275 N.W.2d 445, 448 (Iowa 1979). The legislature enacted Iowa Code section 730.5 in response to a widespread belief that employers have the right to expect a drug-free work place and should be able to require employees to take steps to insure it. *Breithaupt v. Employment Appeal Bd.*, 453 N.W.2d 532, 535 (Iowa App.1990).

The ALJ and Employment Appeal Board concluded that Anderson's refusal to participate in the substance abuse treatment as directed by his employer constituted insubordination and a willful disregard of the employer's interests. We find substantial evidence in the record to support this con-

clusion of the Employment Appeal Board and its determination that this constituted misconduct justifying denial of unemployment benefits. We agree with the determination that Anderson's decision not to participate in the employer's health benefit plan, which thereby increased his cost for inpatient treatment, is not a sufficient basis for permitting unemployment benefits.

We find no errors of law in the decision of the Employment Appeal Board and find that it is supported by substantial evidence. Accordingly, the district court order is affirmed.

AFFIRMED.