Dale F. REIGELSBERGER, Appellant,

v.

**EMPLOYMENT APPEAL BOARD, and Murphy Farms, Inc., and Murphy of Iowa, Inc., Appellees.**

No. 92–890.

Supreme Court of Iowa.

May 19, 1993.

Evelyn Ocheltree of Legal Services Corp. of Iowa, Mason City, for appellant.

William C. Whitten and Joe E. Smith, Des Moines, for appellee Employment Appeal Bd.

Robert Malloy, Goldfield, for appellees Murphy Farms, Inc. and Murphy of Iowa, Inc.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and LAVORATO, JJ.

HARRIS, Justice.

This appeal involves a claim for unemployment compensation brought by a truck driver who was fired for refusing to undergo treatment for alcoholism. The case is somewhat unusual in two respects. The employee's drinking problems were manifested only off duty, and do not appear to have directly affected his on-the-job driving performance. It is also to be noted that

termination did not result from alcoholism, only from the employee's unyielding refusal to address it when demanded by the employer. The agency, affirmed by the district court on judicial review, denied benefits, finding the employee was discharged for misconduct. We agree and affirm.

The claimant-petitioner, Dale F. Reigelsberger, was employed as a truck driver by Murphy Farms, Inc. Prior to being hired, Reigelsberger informed Murphy Farms he had been convicted for operating a motor vehicle while intoxicated seven months previously, and had undergone alcohol abuse evaluation and treatment as a part of his sentence. Murphy Farms was not deterred from hiring him by this fact, requiring only that Reigelsberger had a valid driver's license.

The first recorded alcohol-related incident following Reigelsberger's employment was two years later, when he was convicted for public intoxication. Murphy Farms took no action as the result of the conviction.

Four months later Reigelsberger became intoxicated and unruly at a social event the company sponsored after working hours. Murphy Farms had provided a hotel room and a free bar for the gathering. Murphy Farms promptly suspended Reigelsberger's employment, pending further evaluation for substance abuse. Reigelsberger was then evaluated at a professional facility that determined he had a drinking problem. Treatment was recommended. Murphy Farms adopted these recommendations, treatment to be furnished without cost to Reigelsberger, plus a demand for random urinary analysis, as a condition for continued employment.

Reigelsberger disagreed with the severity of the treatment recommendations and refused to comply with them. He had quit drinking for about a year following his prior alcohol treatment but then began to drink again. He prefers to try to control his drinking by himself.

Murphy Farms then terminated Reigelsberger's employment on the basis of "lack of response and compliance [with the treatment] recommendations...." The fear is that Reigelsberger has the potential to drive one of its vehicles while under the influence of alcohol. Murphy Farms thus alleges that Reigelsberger's failure to follow the treatment recommendations jeopardized public safety and exposed the company to liability. Under the circumstances, Murphy Farms claims, Reigelsberger's refusal amounted to misconduct.

There was no claim or evidence that Reigelsberger had ever been intoxicated on the job. He had never been informed that off-duty alcohol consumption could be a factor of employment. Apparently, Murphy Farms had no rules or regulations regarding alcohol consumption by employees.

Following his termination, Reigelsberger filed for unemployment compensation benefits. A job service representative found no reason to disqualify him from benefits. On Murphy Farms' appeal, an administrative law judge reversed the job service decision, holding Reigelsberger was discharged for misconduct in connection with his employment by failing to begin an alcohol treatment program. On Reigelsberger's appeal the employment appeal board affirmed. On judicial review the district court also affirmed the denial of benefits. The matter is before us on Reigelsberger's appeal.

■ I. Appellate review of an agency's decision is governed by Iowa Code section 17A.20 (1993). The review is at law and not de novo. *Bartelt v. Employment Appeal Bd.*, 494 N.W.2d 684, 685 (Iowa 1993). We explained our standards for review in *Burns v. Board of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993).

■ II. Iowa Code section 96.5(2) provides that a claimant is disqualified for unemployment benefits "[i]f the division of job service finds that the individual has been discharged for misconduct in connection with the individual's employment." Iowa Administrative Code section 345–4.32(1)(a) defines misconduct:

> *Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's

contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

We have said this definition accurately reflects the intent of the legislature. *Kehde v. Iowa Dep't of Job Serv.*, 318 N.W.2d 202, 206 (Iowa 1982).

■ "Misconduct must be substantial in order to justify a denial of unemployment benefits. Misconduct serious enough to warrant the discharge of an employee is not necessarily serious enough to warrant a denial of benefits." *Breithaupt v. Employment Appeal Bd.*, 453 N.W.2d 532, 535 (Iowa App.1990) (citations omitted). An employer has the burden of proving a claimant is disqualified for benefits because of misconduct. *Sallis v. Employment Appeal Bd.*, 437 N.W.2d 895, 896 (Iowa 1989).

If Murphy Farms had legal authority to require evaluation and treatment as a condition to Reigelsberger's continued employment, Reigelsberger's refusal to participate in treatment constitutes insubordination and a willful disregard of his employer's interests; the refusal would therefore constitute misconduct justifying a denial of unemployment benefits. *See Anderson v. Warren Distrib. Co.*, 469 N.W.2d 687, 689 (Iowa 1991) (employee tested positive for marijuana in drug test taken pursuant to Iowa Code section 730.5(7)).

Murphy Farms could have obtained authority to require evaluation and treatment under Iowa Code section 730.5 (drug testing of employees). "The legislature enacted Iowa Code section 730.5 in response to a widespread belief that employers have the right to expect a drug-free [and alcohol-free] workplace and should be able to require employees to take steps to insure it." *Anderson*, 469 N.W.2d at 689. Had Murphy Farms legally conducted a drug test pursuant to Iowa Code section 730.5, and had Reigelsberger tested positive for alcohol impairment, Murphy Farms would have had legal authority to condition Reigelsberger's employment on successful completion of alcohol treatment. *See* Iowa Code § 730.5(3)(f).

The question becomes, did Murphy Farms necessarily have to conduct a drug test pursuant to section 730.5 (with positive results) before it could condition Reigelsberger's employment on alcohol treatment? The agency did not mention section 730.5. The district court determined section 730.5 is inapplicable because Murphy Farms did not request a drug test, but rather only an evaluation and then treatment.

Under these special circumstances we think there was substantial compliance with section 730.5. It is true that Reigelsberger was never subject to the blood test specified in Iowa Code section 730.5(3). But the only purpose of the blood test would have been to determine matters not in dispute. There is no claim that Murphy Farms believed Reigelsberger had been impaired on the job, one requirement for authorizing a blood test under section 730.-5(3)(a). There is however no question that Reigelsberger had a continuing problem with alcoholism, a fact Reigelsberger acknowledged and of which Murphy Farms had actual knowledge. It was also known that Reigelsberger needed treatment for his alcoholism. These matters were of obvious import to Murphy Farms. Murphy Farms could be subjected to severe criticism and extensive liability for entrusting

its trucks to a driver who refused to face up to alcoholism.

It would be poor policy to prohibit an employer from requiring employees to face up to necessary treatment for alcoholism. Such a prohibition would discourage the hiring of persons with alcoholism problems. *Cf. Consolidated Freightways, Inc. v. Cedar Rapids Civil Rights Comm'n,* 366 N.W.2d 522, 527 (Iowa 1985) (alcoholism can be protected disability under municipal civil rights ordinance).

Under other circumstances it may not be reasonable to assume that employees who become intoxicated off duty will eventually do so at work. Without a substance abuse policy on the part of the employer, courts appear to require some type of on-the-job impairment or harm to the employer's interests before an employee's refusal to participate in treatment mandated by an employer will be held to constitute misconduct. *See* 76 Am.Jur.2d *Unemployment Compensation* § 97 (1992); Gavin L. Phillips, Annotation, *Employee's Use of Drugs or Narcotics, or Related Problems, as Affecting Eligibility for Unemployment Compensation,* 78 A.L.R. 4th 180 (1990) (section 11); James McLoughlin, Annotation, *Conduct or Activities of Employees During Off-Duty Hours as Misconduct Barring Unemployment Compensation Benefits,* 35 A.L.R. 4th 691 (1985) (section 11). *But see Anderson,* 469 N.W.2d 687.

Under the circumstances here, however, we think Murphy Farms' demands were eminently reasonable. This employee's history of alcoholism and professional evaluations documented the seriousness of his problems. Alcoholism implicates unusually high risks when driving on the highways is involved. Reigelsberger's obdurate refusal to face up to his problems were utterly unreasonable. He was guilty of misconduct. Unemployment benefits were properly rejected and the agency acted lawfully in so determining.

**AFFIRMED.**