# IN THE COURT OF APPEALS OF IOWA

No. 14-0541
Filed May 20, 2015

MARK A. BAKER,
        Petitioner-Appellee,

vs.

CITY OF WELLMAN,
        Respondent-Appellant,

and Employment Appeal Board,
        Respondent.
_____

        Appeal from the Iowa District Court for Washington County, Michael J. Schilling, Judge.


        The City of Wellman appeals from the district court, which awarded unemployment benefits to its former city administrator, Mark Baker, reversing the Employment Appeal Board's denial of benefits.  **AFFIRMED.**


        Patrick J. O'Connell of Lynch Dallas, P.C., Cedar Rapids, for appellant.

        Bruce L. Walker of Phelan, Tucker, Mullen, Walker, Tucker & Gelman, L.L.P., Iowa City, for appellee.


        Heard by Vogel, P.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, J.**

The City of Wellman appeals from the district court, which awarded unemployment benefits to its former city administrator, Mark Baker, reversing the Employment Appeal Board's denial of benefits.

### I. Factual and Procedural Background

Wellman's city council appointed Baker to its vacant city administrator position on September 23, 2011. On December 16, 2011, Baker shoplifted aspirin from a local retailer. The following day, the sheriff and mayor reviewed security camera footage from three different cameras and concluded the videos showed Baker in the act of shoplifting. On the morning of January 3, 2012, Baker was arrested at his home in Wellman.

On January 4, 2012, four of the five members of Wellman's city council met and reviewed the video evidence. Baker and the mayor were also present at the closed session of the council. The council suspended Baker but declined to take any further action until the fifth councilwoman was present. The council reconvened on January 9, 2012, with all five members in attendance. Baker was present for part of the January 9 meeting. Baker maintained his innocence during both the January 4 and 9 council meetings, claiming the council was misinterpreting the video evidence and asserting his own version of the facts. The council entered a closed session without Baker on January 9, and he departed. The council then voted unanimously to terminate Baker.

The council failed, however, to issue a written order reflecting its termination decision. The council's failure to issue a written order meant Baker

was not given formal notice of the termination, the reasons for the termination, or his right to a public hearing as required by statute.[1]

In July 2012, Baker applied for unemployment benefits. The workforce development representative who reviewed Baker's application denied him benefits, stating, "Our records indicate you were discharged from work on 01/09/12, for conduct not in the best interest of your employer." The representative's decision explained, "This disqualification was made under [Iowa Code] section 96.5[(2) (2011)]."[2] Baker appealed the representative's decision to an administrative law judge.

The administrative law judge held a hearing on the matter on September 24, 2012. At that hearing, Baker noted the City's failure to comply with the written notice requirements of Iowa Code section 372.15 and further argued the alleged theft was not sufficient on its own to deny Baker unemployment benefits. The administrative law judge determined Baker had irrefutably committed theft. He held that the theft was misconduct, but it was not misconduct "*in connection with the employment*" because it occurred while Baker was off-duty and the City had no policy regarding off-duty conduct. The administrative law judge therefore reversed the workforce development representative's decision and granted

---

[1] Iowa Code section 372.15 (2011) provides:

> [A]ll persons appointed to city office may be removed by the officer or body making the appointment, but every such removal shall be by written order. The order shall give the reasons, be filed in the office of the city clerk, and a copy shall be sent by certified mail to the person removed who, upon request filed with the clerk within thirty days of the date of mailing the copy, shall be granted a public hearing before the council on all issues connected with the removal.

Wellman City Code section 5.09 is identical to Iowa Code section 372.15.

[2] Iowa Code section 96.5(2)(a) provides, "If the department finds that the individual has been discharged for misconduct in connection with the individual's employment[, t]he individual shall be disqualified for benefits . . . ."

Baker's application for unemployment benefits. The City appealed the administrative law judge's decision to the Employment Appeal Board (EAB).

After briefing from the City and Baker, the EAB issued its ruling on January 17, 2013. It held:

> Baker's criminal act, whether off-duty or not, was a blatant disregard of the employer's interests. As City Administrator, he serves as the face of city government and is expected to be a role model, i.e., upholder of the law and order of his community. Whether his action of December 16th occurred on duty or off duty is irrelevant in light of his position.

It therefore reversed the administrative law judge's decision and reinstated the workforce development representative's denial of unemployment benefits. Baker requested rehearing before the EAB. He asserted again that the City's failure to comply with section 372.15 should preclude it from denying him benefits, an argument the EAB had not addressed. The request for rehearing was denied. On March 13, 2013, Baker petitioned the district court for judicial review of the EAB's decision.

The district court conducted a hearing on the matter on January 3, 2014. During the hearing, the district court identified the issue of the City's compliance with section 372.15 as an important element of the case and asked the parties to elucidate upon their positions regarding the City's failure to provide written notice to Baker of the termination.

The district court issued its ruling on March 5, 2014. It based its decision on the section 372.15 requirements. It noted in regard to this issue, "At oral argument, no party was able to cite convincing legal authority in support of [its] position." The district court went on to rely heavily upon our supreme court's

decisions in *Berent v. City of Iowa City*, 738 N.W.2d 193 (Iowa 2007), and *Harrison v. Employment Appeal Board*, 659 N.W.2d 581 (Iowa 2003).

The court held the City's failure to formally notify Baker of the reason for his termination prohibited it from later asserting a reason, namely misconduct, to serve as a basis for denying Baker unemployment benefits. It concluded "the agency action was affected by an error of law" and reversed the EAB's denial of unemployment benefits. The City appeals the district court's determination on judicial review.[3]

## II. Standard and Scope of Review

In reviewing a district court ruling on judicial review of a final agency action, "we determine if we would reach the same result as the district court in our application of the Iowa Administrative Procedure Act." *Insituform Techs., Inc. v. Emp't Appeal Bd.*, 728 N.W.2d 781, 787 (Iowa 2007).

We review the case to correct errors of law on the part of the agency when "the agency did not consider a relevant and important matter relating to the propriety or desirability of the action in question that a rational decision maker in similar circumstances would have considered prior to taking that action"—i.e., the EAB's failure to consider the matter of the City's noncompliance with statutory notice requirements. Iowa Code § 17A.19(10)(j); *see Harrison*, 659 N.W.2d at 586. If an error of law results in prejudice to a party's substantial rights, we take corrective action. *City of Des Moines v. Emp't Appeal Bd.*, 722 N.W.2d 183, 189 (Iowa 2006).

---

[3] The EAB was also a party to the judicial review action, but it failed to timely appeal. Our supreme court denied the EAB leave to file a brief as *amicus curiae*. We therefore consider only the arguments presented by the City on this appeal.

**III. Discussion**

The City argues the district court's legal conclusion as to the effect of section 372.15 is not supported by statute or case law. We begin by reviewing the district court's analysis to determine whether we agree with its conclusion. The district court considered the terms of Iowa Code section 372.15—the provision that requires the City to provide Baker with written notice of his termination and its reasons—and sections 96.2 and 96.5—the provisions disqualifying employees terminated for misconduct from unemployment benefits. The court then explored the tension between the provisions.

As to section 372.15, the district court cited our supreme court's decision in *Berent*, 738 N.W.2d at 208, which explained the statute "is designed as a limitation on the city's power to remove public officers" and "mandate[s] that a public officer have notice of the reasons for termination and the opportunity to be heard" in a public hearing. The district court determined section 372.15 is intended to provide important procedural protections to appointed public officials. The section also serves the need for transparency in municipal government.

The district court noted there is no case law directly exploring the relationship between sections 372.15, 96.2, and 96.5. The City argues that because there is no such case law, the two provisions do not interact in any meaningful way. It asked the district court and now asks this court to apply only the provisions of chapter 96 and to disregard any arguments related to section

372.15. Baker, on the other hand, claims the provisions of chapter 96 are not at issue[4] and his argument as to section 372.15 is dispositive.

It is not contested that the City failed to comport with the requirements of section 372.15.[5] The City failed to (1) give Baker written notice of his termination; (2) give Baker a written statement of the reason(s) for his termination; or (3) give Baker notice of his opportunity to contest the termination in public hearing. *See* Iowa Code § 372.15. The district court relied on our supreme court's reasoning in *Harrison* to determine the consequence of the City's failure to comply with the statute.

In *Harrison*, an employee was terminated after testing positive for marijuana on a random drug test. *Harrison*, 659 N.W.2d at 584. In spite of the test results, the employee denied using marijuana. *Id.* The drug test failed to comport with the procedural requirements of such tests delineated in Iowa Code section 730.5, and our supreme court held the test results could not be used to

---

[4] We reject the City's claim that Baker "tacitly admitted there was substantial evidence of disqualifying misconduct" simply because he has taken the legal position that the evidence on that point is not relevant. The nature of Baker's legal assertions on appeal and his silence on the substantial or insubstantial nature of the evidence do not constitute admissions.

[5] The City argued before the district court that it substantially complied with the requirements of section 372.15. The district court rejected that argument. The City has conceded it did not strictly comply with the statute, and it did not raise the issue of substantial compliance in its brief on appeal. The City nevertheless asserted during oral arguments before this court it had substantially complied with section 372.15. Even if the issue is properly before us, we agree with the district court: the City did not substantially comply with the statutory requirements. Substantial compliance requires the "reasonable objectives of the statute" be given effect. *See Superior/Ideal, Inc. v. Bd. of Review*, 419 N.W.2d 405, 407 (Iowa 1988). The policy objectives of section 372.15 are to provide procedural protections to public officials like Baker. Those protections— important written notices—were not afforded to him. As the district court noted, the City "failed to notify Baker in writing of *any* of the procedural protections afforded by statute." Even if the City had not waived this issue by failing to properly assert it on appeal, it has failed to show it substantially complied with the statute.

establish misconduct for the purpose of denying the employee unemployment benefits as a result. *Id.* at 588–89. The court held,

> Although an employer is entitled to have a drug free workplace, it would be contrary to the spirit of Iowa's drug testing law if we were to allow employers to ignore the protections afforded by this statute, yet gain the advantage of using a test that did not comport with the law to support a denial of unemployment compensation.

*Id.* at 588.

In this case, the district court mirrored the *Harrison* language and held, "[I]t would be contrary to the spirit of the law to allow the City to ignore the notice requirements of section . . . 372.15, yet gain the advantage of using reasons not divulged in writing to the public employee to support a denial of unemployment compensation." We agree. The *Harrison* decision indicates employers must comply with procedural requirements in place to protect employees. *Id.* at 588–89. If the employer fails to do so, it forfeits the privilege of relying upon claims or evidence it failed to properly assert or obtain. *See id.*

This case is sufficiently analogous to *Harrison* to support the district court's holding. Both sections 372.15 and 730.5 provide employees with important procedural protections. The employers in both cases failed to afford their employees those protections. Both Harrison and Baker denied they participated in misconduct at the time of their terminations. Both were denied unemployment benefits when their employers improperly presented evidence or claims that failed to comply with procedural prerequisites before the agency.

The City argues this case is more analogous to *Reigelsberger v. Employment Appeal Board*, 500 N.W.2d 64, 66 (Iowa 1993), in which the employee truck driver was denied unemployment benefits following his

termination for refusing to seek treatment for his alcoholism. There was no violation of statutory due process protections by the employer. The reasoning behind the *Reigelsberger* decision was rooted in its "special circumstances," namely the employee's concession of alcohol addiction prior to his termination. *Reigelsberger*, 500 N.W.2d at 66; *see Harrison*, 659 N.W.2d at 588–89. There is no such special circumstance in this case—Baker adamantly denied wrongdoing before the council at the time of his termination. We find the facts before us to be closer to those of *Harrison* than *Reigelsberger*.

To effectuate the policy of the notice requirements in Iowa Code section 372.15, the City is foreclosed from asserting misconduct as the reason for Baker's termination when it failed to formally assert a reason of any kind, misconduct or otherwise, at the time of the termination as required by statute. As the district court noted, "the agency action was affected by an error of law and substantial evidence of misconduct is lacking." In other words, the City's assertion of misconduct to deny Baker unemployment benefits was procedurally improper, and evidence relied upon to make that assertion was admitted in error. Based upon that holding, we now answer each of the City's issues raised on appeal.

First, the City claims it submitted substantial evidence to support a finding of misconduct, which requires this court to affirm the agency action and reverse the district court. However, this argument ignores the salient fact that the City failed to follow the statutory requirements for asserting misconduct as a bar to Baker's application for unemployment benefits. Because the City's claim of misconduct was procedurally improper, the evidence it submitted may not be

considered. Once the evidence of misconduct is removed from the record, there is not substantial evidence in the record to support the agency's denial of unemployment benefits.

Second, the City argues the notice requirements of section 372.15 have no bearing on an unemployment action, which is controlled exclusively by chapter 96. We disagree. Statutory provisions outside chapter 96 that impose procedural requirements on employers can have a dispositive impact on an unemployment action. *Harrison* aptly demonstrates this principle—it applies the procedural requirements of section 730.5 to an unemployment action. *See Harrison*, 659 N.W.2d at 586–88. The City argues that following *Harrison* will defeat the public policy of section 96.5 by allowing an employee who was terminated for misconduct to nevertheless receive unemployment benefits. However, it fails to recognize that our supreme court's holding in *Harrison* prioritizes the policy goals of employees' procedural protections over those of section 96.5. *See id.* at 588. In this case, therefore, we recognize the policy goals of section 372.15 take priority.

Third, the City argues *Harrison* has no application outside of cases involving drug tests. It characterizes *Harrison* as creating an extremely narrow exclusionary rule of evidence in unemployment proceedings. We disagree with this characterization. Although *Harrison* does establish such an evidentiary rule, it does so based on an underlying policy determination: an employer may not contravene procedural protections provided to its employees by the legislature to its own benefit in later agency actions. *See id.* This determination by our

supreme court renders *Harrison*'s scope broader than the narrow evidentiary rule to which the City's argument relegates it.

Lastly, the City distinguishes between *Harrison*'s holding, which excludes a particular piece of evidence that failed to comport with the procedural requirements, and the district court's holding in this case, which prevents the City from more generally asserting misconduct as the reason for Baker's termination. The City argues the application of the *Harrison* policy to prevent it from asserting misconduct allows Baker to "automatically obtain unemployment benefits." The City overstates the consequence of the district court's holding. It does not foreclose employers of public officials from asserting misconduct; it does, however, require those employers to assert misconduct according to the procedures mandated by our legislature. As to public officials, any cause for termination must be asserted in writing at the time of the termination. The City failed to do so. It also failed to afford Baker the opportunity for a public hearing to contest the alleged misconduct. It may not thereafter proceed in the unemployment action as though it had done so.

**IV. Conclusion**

The City failed to issue written notice of Baker's termination, the reasons for his termination, or his ability to demand a public hearing to contest the issues connected with his termination. It is therefore prevented from asserting post facto that misconduct is the reason for his termination. For the purposes of this appeal, it is not relevant whether misconduct was the actual reason for termination in the minds of the city council. Nor is it within the scope of this appeal whether misconduct did in fact occur. The City failed to comply with the

statutorily mandated provision of important procedural protections owed to public officials, and our case law demonstrates that such a failure bears upon related unemployment actions such as the one before us. *See id.* at 588–89. We agree with the district court; the denial of unemployment benefits by the EAB was tainted by an error of law. The district court's corrective action—reversal of the EAB decision—was proper, and we therefore affirm.

**AFFIRMED.**