Opinion
 

 ARMSTRONG, J.
 

 Kenneth Beckstead has petitioned for review of a Workers’ Compensation Appeals Board (WCAB) ruling that he did not sustain an injury arising out of and occurring in the course of employment. We order the ruling vacated.
 

 Factual and Procedural Summary
 

 In 1981, Beckstead was hired by Performance Automotive Warehouse (Performance) as a sales associate. The job required Beckstead to answer telephone calls and record the information he received, using both handwriting and a computer. Beckstead was working in that capacity on August 8,
 
 *789
 
 1994, when he filed an employee’s claim for workers’ compensation benefits. The claim form included blank lines in which the claimant was to give specified information. Beckstead reported that the injury occurred on August 8, 1994, at 9 a.m. Next to “describe injury and part of body affected” he wrote “left wrist.” Beckstead was unrepresented at that time.
 

 At the WCAB hearing, Beckstead testified that he filed the claim after experiencing wrist pain on August 3 or August 5, 1994, and being told by a supervisor that he should see a doctor. On August 8, a doctor told Beckstead that he had carpal tunnel syndrome and should not work. A Performance supervisor filled out the form for Beckstead’s signature.
 

 The claim was not denied, and Beckstead was put on temporary disability from August 16, 1994, through October 25, 1994. At the request of Fremont Compensation Insurance Company, Performance’s workers’ compensation carrier, Beckstead was examined by a Dr. David Auerbach. On August 16, Fremont sent Auerbach a letter by fax, confirming the appointment and noting that “Mr. Beckstead is . . . alleging injury to his left wrist from repetitive motion at work.” Auerbach reported to Fremont on that same date. He reported that Beckstead had complained of pain to his left wrist, and concluded that Beckstead’s “signs and symptoms” were related to his work activities, “specifically, repetitive writing and filling out orders.”
 

 Beckstead obtained counsel, and on August 26, 1994, filed an application for adjudication of claim which indicated that he had suffered an injury to the left major upper extremity as a result of constant writing on a daily basis. August 8, 1994, was identified as his last day of work. In October, a summary of settlement conference proceedings recorded the injury as being to “left upper extremity/low back.” On November 23, 1994, Beckstead filed a petition for benefits, seeking additional benefits.
 

 We also have in our a record a letter dated March 25, 1995, from Beckstead’s counsel to the WCAB, with a copy to Fremont Compensation Insurance Company, enclosing an amended application for an adjudication of claim form. That form, dated August 26,1994, identifies an injury to “left major upper extremity” which occurred as a result of “constant writing on a daily basis.” Date of injury is given as August 8, 1994.
 

 Beckstead went back to work after October 25, but continued to complain of pain. In September, he sought medical care from a Dr. Keith Zupnik, who recommended physical therapy. In December, another doctor, Stanley Cohen, diagnosed tendonitis as a result of repetitive writing and prolonged typing.
 

 
 *790
 
 A hearing was held before the WCAB on December 19, 1995. Beckstead testified that he suffered pain when writing, and pain to his lower back. He believed that he had injured his wrist from June 1994 to August 3, 1994.
 

 The WCAB also had before it medical reports from Drs. Auerbach, Zupnik, Cohen, and from Dr. Mark Greenspan, who conducted a qualified medical evaluation of Beckstead on April 12, 1995. Performance proffered an additional medical report, from Dr. George Balfour, who examined Beckstead in July of 1995. Balfour found no evidence of pathology, and recommended aspirin or Motrin for any aches and pains. The workers’ compensation judge found that report inadmissible, since there was no showing that it could not reasonably have been obtained within 90 days after the claim form was filed, under Labor Code
 
 [1]
 
 section 5402.
 

 On March 5, 1996, the WCAB ruled that Beckstead did not sustain injury arising out of and occurring in the course of his employment. In the accompanying memo on opinion, the WCAB found that Beckstead had alleged a specific injury to his left wrist and back, occurring on August 8, 1994, but that no medical evidence supported that claim. “Quite the contrary, all of the medical evidence more clearly supports a continuing trauma injury and therefore rebuts the presumption established under Labor Code section 5402.”
 

 Beckstead’s petition for reconsideration was denied on the ground that Beckstead had never moved to amend his claim to allege continuing trauma. The WCAB also found that even if Beckstead had wished to proceed under a continuing trauma theory at trial, it was not clear that all necessary parties had been joined, since it was not clear that Fremont Compensation Insurance Company was the carrier during the period of any continuing trauma. Further, the WCAB found, allowing a continuing trauma claim at trial would have been a denial of due process as to Fremont, since Fremont went to trial believing it was required to defend against a specific injury claim, not a claim of continuing injury.
 

 Discussion
 

 On this appeal, Beckstead contends that the WCAB abused its discretion by not considering his cumulative trauma injury. We agree. Under sections 5400 and 5401, a workers’ compensation claim may not be maintained unless the employer is given notice in writing. However, “The failure to give notice under section 5400, or any defect or inaccuracy in a notice is not a bar to recovery under this division if it is found as a fact in the
 
 *791
 
 proceedings for the collection of the claim that the employer was not in fact misled or prejudiced by such failure.” (§ 5403.) The burden is on the employer to show such prejudice.
 
 (Pacific Employers Ins. Co.
 
 v.
 
 Industrial Accident Commission
 
 (1949) 92 Cal.App.2d 124, 126 [206 P.2d 372].)
 

 It was undisputed that as of at least August 16, 1994, approximately one week after the initial claim form was filed, when Auerbach made his report, Performance and Fremont Compensation Insurance Company knew that Beckstead was suffering from a cumulative injury caused by “repetitive writing and filling out orders.” Given the undisputed fact that Performance and Fremont had timely knowledge of the nature of Beckstead’s injury, they could have suffered no prejudice as a result of the designation of August 8 as “date of injury.” The finding that Beckstead did not sustain an injury arising out of and occurring in the course of employment is solely based on his designation of a specific date as “date of injury,” and is error. As Beckstead argues, the WCAB should have so found, and determined the case under the cumulative injury theory.
 

 We reject Performance’s argument that such a proceeding would have violated its right to due process. Performance had knowledge of the nature of Beckstead’s claim and ample opportunity to investigate the injury and to prepare and defend the case. There was no due process violation.
 

 In its answer, Performance itself satisfied the WCAB’s concern in its ruling on Beckstead’s petition for reconsideration, that a necessary party, another insurance carrier, might not be present. Performance has told us that Fremont Compensation Insurance Company was the carrier on the risk for the entire period of Beckstead’s cumulative injury.
 

 We similarly do not agree with Performance’s contention that since Beckstead did not file a cumulative trauma claim, the section 5402 presumption does not apply to any such claim, rendering Balfour’s report admissible as to that claim.
 

 Section 5402 provides that “Knowledge of an injury, obtained from any source, on the part of an employer, ... or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to service under Section 5400. If liability is not rejected within 90 days after the date the claim form is filed under Section 5401, the injury shall be presumed compensable under this division. The presumption is rebuttable only by evidence discovered subsequent to the 90-day period.” As we have seen, Performance had knowledge of Beckstead’s cumulative trauma injury as of at least August 16, 1994. Thus, the presumption applies.
 

 
 *792
 
 The WCAB has filed a letter directing our attention to the holding in
 
 Crawford
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1989) 54 Cal.Comp.Cases 411, in which the WCAB held that it was not an abuse of discretion to deny an employee permission to amend his claim on day of trial when he had had several earlier opportunities to do so. In that case, the employee failed to amend his cumulative trauma claim to allege a specific cause, years earlier. Here, Performance and Fremont Compensation Insurance Company had timely knowledge of the details of Beckstead’s claim.
 

 Disposition
 

 The WCAB order of March 5,1996, is vacated, and the case remanded for further proceedings consistent with this opinion. Petitioner to recover costs on appeal.
 

 Turner, P. J., and Grignon, J., concurred.
 

 [1]
 

 All further statutory references are to that code.