**UNIVERSITY OF IOWA HOSPITALS AND CLINICS and State of Iowa, Appellees,**

v.

**Jack Edward WATERS, Appellant.**

No. 02–1017.

Supreme Court of Iowa.

Jan. 22, 2004.

Paul J. McAndrew, Jr. of Paul J. McAndrew Law Firm, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellees.

STREIT, Justice.

A custodian appeals from a district court judgment setting aside his workers' compensation award. The district court held the commissioner impermissibly based the award on a cumulative injury theory, when the employer only had adequate notice of an acute injury. The court of appeals affirmed. Because we do not find an abuse of discretion by the commissioner, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand to the district court for further proceedings.

## I. Background and Facts

For nearly thirty years, Jack Waters worked as a custodian for the University of Iowa Hospitals and Clinics (Hospitals). He also has a long history of back problems. On June 21, 1997, Waters turned in his keys to his supervisor and said "This is it."

On February 3, 1999, Waters filed two claims for workers' compensation benefits from the Hospitals. In both claims, Waters alleged he injured his whole body, and specifically his back, at work. In the first, he alleged his "lower back gave way" on October 24, 1996, when "pushing loaded

custodial cart around corner." In the second, he claimed he suffered an injury while "lifting, carrying, and dumping heavy trash at work" on June 16, 1997.

At Waters' deposition in June 1999, confusion arose over the date of the alleged June 16, 1997 injury. Waters' attorney stated he planned to "amend the date of injury to the last date that [Waters] worked, which I believe was June 21, 1997."

At the beginning of the hearing before the deputy commissioner, Waters' attorney again raised this issue. After pointing out Waters' history of back problems, he argued the commissioner had the discretion "to set the date of injury or cumulative-type injury such as this on the date that the evidence tends to show the injury occurred." The Hospitals objected. The Hospitals maintained Waters had given several different versions of what caused his injuries and did not "allege a cumulative injury." The Hospitals further argued Waters' petition alleged a "specific incident occurred."

> The deputy ruled:
> THE DEPUTY: All right. Well, I will consider the issue in the light of the evidence and pleadings and other things in the case. And I evaluate everything in order to decide the case. But I will indicate—or I do consider fixing the alleged date of injury understanding that the injury itself is disputed. I will understand—I understand that fixing the date of the alleged injury is one of the issues in the case.

This issue did not arise again before the deputy commissioner. The deputy commissioner found the Hospitals owed Waters nothing further for his first claim for benefits, but determined the Hospitals owed Waters permanent total disability benefits on the second claim. The deputy commissioner found

Jack Waters is currently disabled by the condition of his back and that the condition of his back is the result of multiple acute injuries and repetitive injury that he sustained while employed by the University of Iowa Hospitals and Clinics as a regular employee and as an inmate performing work release duties. It is also found that June 21, 1997 marked the point when the cumulative injury process progressed to the point that Jack was unable to continue working and he felt compelled to seek medical care because he knew that his symptoms had progressed to the point that surgery was likely. . . . It is concluded that Jack Waters has carried the burden of proving by a preponderance of the evidence that he sustained cumulative trauma injury that arose out of and in the course of his employment on June 21, 1997. In this case the date of injury is Jack's last day of work.

The Hospitals filed an intra-agency appeal. In one of its four allegations of error, the Hospitals claimed "[t]he hearing officer's award of benefits under a cumulative injury theory is inappropriate as such a theory was never pled by the claimant, who described a specific traumatic injury." In final agency action, the chief deputy commissioner rejected the Hospitals' claims, including its allegation that an award of benefits under a cumulative injury theory was improper. Citing rulings in two prior intra-agency appeal decisions, the chief deputy wrote:

A claimant is not limited to a specific injury theory contained in the pleadings. If the evidence shows a cumulative injury when a traumatic injury was pled, an award based on a cumulative injury may be made unless substantial prejudice results to defendants. In this case, claimant's June 16, 1997 injury petition, later amended to June 21, 1997, could have

been read as either claiming a cumulative or a traumatic injury. Even if read as a traumatic injury pleading, defendants were well aware of claimant's long-standing history of back injuries, and were not prejudiced by a finding of a cumulative injury.

The Hospitals sought judicial review, alleging the same errors asserted on intra-agency appeal—including, but not limited to, the claim that "[t]he Workers' Compensation Commissioner's award of benefits [was] under a legal theory never pled by Claimant." The district court agreed with the Hospitals, and remanded for further proceedings. Citing due process principles elucidated in *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824 (Iowa 1992), the district court reversed, holding it was fundamentally unfair to permit Waters to change his theory of the case on the day of the hearing, and that the Hospitals suffered prejudice as a result. The district court reasoned cumulative and acute injury cases have different elements and require different proof; cumulative injury cases, the court posited, almost always require expert testimony. Finding the Hospitals believed Waters was alleging an acute injury and was clearly unprepared to defend against a cumulative injury claim, the court held it was an abuse of discretion for the commissioner to base an award on a cumulative injury.

Waters appealed. Waters claimed (1) the district court should have reviewed the commissioner's decision for substantial evidence, not an abuse of discretion, and (2) applying the correct standard of review, the record contained sufficient evidence to support the commissioner's decision. The court of appeals affirmed the district court. Waters again raises these two issues for our review.

## II. Standard of Review

■ "We review the district court decision by applying the standards of the [Iowa] Administrative Procedure Act to the agency action to determine if our conclusions are the same reached by the district court." *Locate.Plus.Com, Inc. v. Iowa Dep't of Transp.*, 650 N.W.2d 609, 612 (Iowa 2002). Under the Iowa Administrative Procedure Act, a reviewing court may reverse the decision of the workers' compensation commissioner if it is unsupported by substantial evidence in the record or characterized by an abuse of discretion. *See* Iowa Code § 17A.19(10) (2001) ("court shall reverse, modify, or grant other appropriate relief ... if it determines that substantial rights of the person seeking judicial relief have been prejudiced because of [one of fourteen grounds, including lack of substantial evidence and when characterized by an abuse of discretion]"). "The burden of demonstrating the required prejudice and the invalidity of agency action is on the party asserting invalidity." *Id.* § 17A.19(8)(a).

■ Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." *Id.* § 17A.19(10)(f)(1). While "courts must not simply rubber stamp the agency fact finding without engaging in a fairly intensive review of the record to ensure that the fact finding is itself reasonable ... evidence is not insubstantial merely because it would have supported contrary inferences." *Wal–Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 499 (Iowa 2003) (quoting, in part, Arthur E. Bonfield, *Amendments to Iowa Administrative Procedure Act (1998)* at 68 (1998)).

■ The commissioner commits an abuse of discretion when the exercise of discretion is clearly erroneous or rests on untenable grounds. *IBP, Inc. v. Al–Gharib*, 604 N.W.2d 621, 630 (Iowa 2000) (citing *Brunner v. Brown*, 480 N.W.2d 33, 37 (Iowa 1992)). This standard, when applied in administrative proceedings, is the same as the abuse of discretion review used in evaluating the exercise of the district court's discretion in other contexts. *Id.* (citing *Frank v. Iowa Dep't of Transp.*, 386 N.W.2d 86, 87–88 (Iowa 1986)).

### III. The Merits

### A. Substantial Evidence vs. Abuse of Discretion

■ The first issue raised for our review is whether the district court erred in reviewing the commissioner's decision for an abuse of discretion, as opposed to substantial evidence. We reject Waters' claim that the district court erred in failing to review for substantial evidence. The substantial-evidence standard only applies to *factual findings. See* Iowa Code § 17A.19(10)(*f*) (authorizing reversal or modification on judicial review when the commissioner's decision is "[b]ased *upon a determination of fact* clearly vested by a provision of law in the discretion of the agency that is not supported by substantial evidence in the record ....) (emphasis added). Whether Waters' application for workers' compensation benefits sufficiently informed the Hospitals of the possibility of a cumulative injury claim[1] is not, first and foremost, a factual issue, but rather a matter within the agency's discretion. *See*

*Stephenson v. Furnas Elec. Co.*, 522 N.W.2d 828, 831 (Iowa 1994) ("The imposition of sanctions by administrative agencies is discretionary."). We agree with the district court that the proper standard of review is for an abuse of discretion, not substantial evidence.

### B. Sufficiently Informing the Hospitals of a Cumulative–Injury Claim

The district court determined the chief deputy commissioner abused his discretion in permitting an award upon a cumulative injury theory. The court reasoned acute and cumulative injury cases require proof of different elements, and therefore the Hospitals was, in effect, deprived of a defense.

■ We begin our analysis with the recognition that our workers' compensation law is for the benefit of working men and women, "and should be, within reason, liberally construed." *Barton v. Nevada Poultry Co.*, 253 Iowa 285, 289, 110 N.W.2d 660, 662 (1961); *see Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 261 (Iowa 1980) (workers' compensation law should be liberally construed). "Its beneficient purpose should not be defeated by reading something into a section which is not there, or by a narrow or strained construction." *Disbrow v. Deering Implement Co.*, 233 Iowa 380, 392, 9 N.W.2d 378, 384 (1943).

With respect to the merits of the case, it should be pointed out that we have stated "[a]n application for arbitration is not a

---

1. The court of appeals recognized that, at times, the parties have characterized this issue as whether Waters should be permitted to amend his theory of the case on the day of the hearing. Noting the Hospitals never formally moved to amend its petition, the court instead framed the issue as a dispute over the scope of the pleadings.

For reasons which will soon become clear, we take a slightly different view. The issue in this case is whether Waters' application for workers' compensation benefits and the discovery process that followed sufficiently informed the Hospitals of a cumulative injury claim.

*formal pleading and is not to be judged by the technical rules of pleading." Coghlan v. Quinn Wire & Iron Works,* 164 N.W.2d 848, 850 (Iowa 1969) (emphasis added).[2] As one commentator has noted,

> The petition for arbitration may state the claims in general terms and technical or formal rules of procedure need not be observed. The key to pleading in an administrative process is nothing more than opportunity to prepare and defend. The employer is to be afforded a substantive right to be at least generally informed as to the basic material facts upon which the employee relies as a basis for compensation.

James R. Lawyer and Judith Ann Graves Higgs, Iowa Workers' Compensation—Law & Practice § 21–7, at 231 (3d ed.1999) (footnotes and internal quotations omitted).

█ Although Waters' application for benefits was styled an "Original Notice and Petition," in truth such documents are nothing more than easily filled out forms in which workers may seek redress in arbitration for alleged injuries sustained on the job. Waters' application, despite its title, bears little resemblance to formal pleading—common law *or* notice. Instead, Waters' form merely consists of approximately thirty boxes, in which he was asked to supply basic information about his claim. This form appears relatively simple to complete, and was ostensibly designed so a non-lawyer could initiate the arbitration process without assistance from persons trained in the law. It is important to point out the form does *not* ask applicants to state whether their injuries were cumulative or acute.

*Oscar Mayer Foods Corp. v. Tasler,* 483 N.W.2d 824 (Iowa 1992), is similar to the case at bar. In *Oscar Mayer,* the employee alleged four specific injury dates in her pleadings. 483 N.W.2d at 827. The industrial commissioner found the employee failed to prove compensable injuries on each of the four incidents, but found she *had* demonstrated a *cumulative* injury claim once all four were taken into account. *Id.* at 827–28. The employer challenged the industrial commissioner's decision, alleging it suffered prejudice because the employee recovered on a theory which she had not pled. *Id.* at 828.

In analyzing the employer's argument, we stated

> due process requires that a party "be informed somehow of the issue involved in order to prevent surprise at the hearing and allow an opportunity to prepare. . . . The test is fundamental fairness, not whether the notice meets technical rules of common law pleading."

*Id.* (quoting *Wedergren v. Bd. of Directors,* 307 N.W.2d 12, 16 (Iowa 1981)). In *Oscar Mayer,* we concluded the employer "was sufficiently apprised of the possibility that the cumulative injury doctrine might be relied upon to justify awarding [the employee] workers' compensation." *Id.* We pointed out that in one of her four petitions for arbitration the employee referred to the cause of her injury as "gradual,"

---

**2.** Even if the commissioner's decision were viewed as accepting a motion to amend a formal pleading, in another context we stated:

> Allowance of an amendment to a pleading is the rule and denial the exception, although an amendment is not permissible which will substantially change the issue. Additionally, a trial court has *considerable*

*discretion* as to whether an appropriate request for leave to amend should be granted or denied and we will reverse only where a clear abuse of discretion is shown.

*Allison–Kesley Ag Ctr., Inc. v. Hildebrand,* 485 N.W.2d 841, 845 (Iowa 1992) (emphasis added) (quoting *M–Z Enter. Inc. v. Hawkeye–Sec. Ins. Co.,* 318 N.W.2d 408, 411 (Iowa 1982)).

and, in another, as "repetitive." *Id.* Moreover, we stated

it is not clear how [the employer] has been prejudiced by the allegedly deficient pleading as [the] essential cause of action as well as the supporting facts remain unchanged under a cumulative injury rationale. A showing of prejudice is essential to establishing a due process violation....

*Id.*

Similar considerations apply to Waters' case. As previously noted, the chief deputy commissioner determined Waters'

June 16, 1997 injury petition, later amended to June 21, 1997, could have been read as either claiming a cumulative or a traumatic injury. Even if read as a traumatic injury pleading, defendants were well aware of claimant's long-standing history of back injuries, and were not prejudiced by a finding of a cumulative injury.

Although Waters' petition does not specifically plead a cumulative injury, neither does it specifically plead an acute injury. This is not surprising, since the form does not require claimants to specify whether their injuries are "cumulative" or "acute." Nonetheless, Waters' vague use of three gerunds ("lifting, carrying, and dumping") implies his injury resulted from repetitive work-related behavior. This language contrasts with Waters' February 3, 1999 claim for workers' compensation benefits, in which he referred to a specific incident using the past tense ("pushing a loaded custodial cart around corner and lower back gave way").

This conclusion is not inconsistent with the fact Waters alleged a specific date of injury ("June 16, 1997"). The instructions accompanying the form Waters filled out *require* claimants to allege "[a] separate date of injury" for a cumulative injury claim. Nor, under these circumstances, is

a five-day discrepancy between proof and pleading regarding the injury date fatal to Waters' cumulative injury theory of recovery. *See Yeager v. Firestone Tire & Rubber Co.*, 253 Iowa 369, 373–74, 112 N.W.2d 299, 301 (1961) (difference of approximately two weeks).

Discovery should have informed the Hospitals' attorney of the cumulative nature of Waters' injury. Counsel for the Hospitals does not claim to have asked Waters' legal theory in discovery. Testimony taken at the deposition stage of the proceedings should have alerted the Hospitals to a cumulative injury claim. A doctor testified to Waters' long history of back problems, which Waters confirmed in his own deposition. Although a history of back problems does not always necessitate a cumulative injury finding (in some cases these two facts could be unrelated), such a history should alert an employer to the possibility of a cumulative injury claim. *See George A. Hormel & Co. v. Jordan*, 569 N.W.2d 148, 153 (Iowa 1997) (finding employer had adequate notice of cumulative injury where employer accommodated employee by moving him to less strenuous job and authorized physicians to examine injuries). Moreover, two of Waters' statements clearly informed the Hospitals of a cumulative injury:

A. I tried to ask them to help me get into some other kind of work, so I wouldn't be doing what I was doing that was causing the harm—

Q. Sure. A.—the *deterioration.*

. . .

A. I guess I would say it's like if you got a jackhammer, and you put somebody on a jackhammer that has a bum back, *you're going to end up with more of a bum back.* And that's what, more or less, they did.

(Emphasis added.) Given these statements, as well as for the reasons noted above, we conclude the Hospitals was "sufficiently apprised of the possibility that the cumulative injury doctrine might be relied upon to justify awarding ... workers' compensation." *Oscar Mayer*, 483 N.W.2d at 828; *accord Beckstead v. Workers' Comp. Appeals Bd.*, 60 Cal.App.4th 787, 791–92, 71 Cal.Rptr.2d 254, 256 (1997) (holding appeal board abused its discretion in failing to consider cumulative trauma injury because employee failed to formally amend pleadings); *Bassett–McGregor v. Workers' Comp. Appeals Bd.*, 205 Cal. App.3d 1102, 1116, 252 Cal.Rptr. 868, 877 (1988) ("[A]n amendment substituting a claim for cumulative rather than specific injury does not constitute a new and different cause of action [where] ... the disability is the same and the injury arose from the same set of facts, and is consistent with the guiding principle that claims should be adjudicated on substance rather than formality of statement.").

The facts of this case are clearly distinguishable from those of another case filed today, *Eberhart Construction v. Curtin*, in which we find an abuse of discretion because of a "surprise development" that prejudiced the employer. 674 N.W.2d 123, 125-28 (Iowa 2004). In reaching our decision, we recognize a defendant may approach a cumulative injury case differently than an acute injury case; in this case, however, we simply hold the Hospitals was not unfairly surprised by the evidence or the award. The Hospitals has not proved the commissioner "exercised its discretion on untenable grounds or its exercise of discretion was clearly erroneous." *IBP*, 604 N.W.2d at 630.

### IV. Conclusion

We vacate the decision of the court of appeals. Because we find the commissioner did not abuse its discretion in making an award based on a cumulative injury, we reverse. We remand to the district court for further proceedings not inconsistent with this decision, including consideration of the Hospitals' other allegations of error, which the district court's original ruling made unnecessary to consider.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.**