# IN THE COURT OF APPEALS OF IOWA

No. 13-1391
Filed October 29, 2014

**WEST DES MOINES COMMUNITY
SCHOOLS,**
    Plaintiff-Appellant,

**vs.**

**JOHN FRY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

An employer challenges an award by the Workers' Compensation Commissioner paying permanent partial disability benefits, healing period benefits, alternative medical care, and expenses.  **AFFIRMED.**

Charles E. Cutler and Amanda R. Rutherford of Cutler Law Firm, P.C., West Des Moines, for appellant.

Jean Mauss of Schott, Mauss & Associates, P.C., Des Moines, for appellee.

Heard by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

The employer, West Des Moines Community Schools, challenges the award of workers' compensation benefits to school custodian John Fry. The commissioner determined Fry lost twenty-five percent of his earning capacity due to a cumulative injury to his left sacroiliac (SI) joint, manifested in October 2008. The commissioner awarded permanent, partial disability benefits; healing period benefits; alternate medical care; and expenses related to the workplace injury. West Des Moines Schools contend the agency's determination was not supported by substantial evidence and its application of the cumulative injury doctrine to the facts of this case was irrational, illogical and wholly unjustifiable.

Like the district court on judicial review, we find substantial evidence in the record to uphold the commissioner's decision concerning Fry's work-related injury and industrial disability. We also agree with the court's conclusion that the commissioner's reliance on cumulative injury was rational, logical, and justifiable. Accordingly, we affirm.

## I.    Background Facts and Proceedings

Fry started working as a custodian for the West Des Moines Schools in March 2001 and was eventually promoted to head custodian at Valley Southwoods Freshman High School. His work entailed considerable physical activity. A written job description listed the following requirements:

- Repetitious hand movement, gripping, bending, lifting, stooping, squatting, and kneeling
- Periodically climb stairs and ladders, and work overhead
- Frequently lifting and carrying 50 pounds.
- Periodic maneuvering, pushing and pulling of over 100 pounds

- Constant standing, moving and walking eight or more hours per day.

Fry, who has a high school education, previously worked as a crew chief for a carpet cleaning and upholstery business and as a production worker and inspector for Titan Tire. While at Titan Tire, Fry suffered a serious neck injury requiring surgery. He did not work from 1995 through 2000. Fry also sustained injuries to his neck, back, and knees in a 2003 car accident.

Important to this appeal are two injuries incurred by Fry on two different dates while he was on the job at Valley Southwoods. On January 15, 2007, Fry was walking down an icy ramp leading to the back dock and lost his footing, landing on the left side of his body. The fall left an abrasion on his left hip and caused lasting pain in his collarbone and left shoulder area. West Des Moines Schools placed him on light duty for a week after the fall. On October 6, 2008, Fry was maneuvering a heavy vacuum sweeper in the media center when he felt a "pop" and experienced stinging pain on the "left side of [his] spine, that hip area, that SI joint." He recalled: "I just had excruciating pain and that numb, tingling burn sensation, the way it feels to hit your funny bone. Started up and back down the leg." West Des Moines Schools reassigned Fry to various light duties until May 2009.

On December 29, 2009, Fry filed petitions for workers' compensation for both injuries. The employer answered and raised a statute of limitations defense. Before the agency hearing, Fry dismissed the petition related to the January 2007 injury. The remaining petition alleged the October 2008 injury was both traumatic and cumulative.

Fry was fifty-one years old when his claims came before the deputy worker's compensation commissioner for hearing in July 2011. The deputy concluded Fry failed to carry his burden to prove the October 2008 injury resulted in permanent or temporary disability. The arbitration decision was critical of the opinion of Dr. Jacqueline Stoken, who performed an independent medical exam (IME) on Fry, finding she "lumps together" both the January 2007 and October 2008 injuries to find permanent impairment.

Fry appealed and the commissioner[1] reversed the arbitration decision, relying on the opinion of Fry's long-time treating physician Dr. Scott Honsey, as well as the IME by Dr. Stoken. The commissioner highlighted Dr. Honsey's "unique vantage point of having treated claimant's back since 2001" and gave weight to Dr. Honsey's view that Fry's pain was in the left SI joint and worsened after the October 2008 injury.

The commissioner then wrote: "Combining this view with the view of Dr. Stoken that claimant's sacroiliac injury is cumulative, placed in context both the 2007 injury and the last significant exacerbation on October 6, 2008." The commissioner found "the cumulative work injury beginning in January 2007 and manifested on October 6, 2008, is a cause of the permanent impairment and activity restrictions delineated by Dr. Stoken." The commissioner held the October 2008 injury resulted in a twenty-five percent loss of earning capacity and Fry was entitled to temporary or healing period benefits, permanent partial

---

[1] Deputy Workers' Compensation Commissioner Larry Walshire rendered the final agency decision upon delegation of authority by the commissioner. We will refer to his ruling as the commissioner's decision throughout our opinion.

disability benefits, alternate medical care, and expenses. On judicial review, the district court affirmed the commissioner's decision. The employer now appeals.

## II. Scope and Standards of Review

In judicial review proceedings, the district court acts in an appellate capacity, reviewing the commissioner's decision to correct legal error. *Mike Brooks, Inc. v. House,* 843 N.W.2d 885, 888 (Iowa 2014). On appeal, we apply the standards of Iowa Code chapter 17A (2013) to decide if we reach the same conclusion as the district court did. *Id.* at 889.

Whether the commissioner misapplied the cumulative injury doctrine to Fry's situation depends on the application of law to facts; we will not disturb that decision unless it is "irrational, illogical, or wholly unjustifiable." *See Neal v. Annett Holdings, Inc.,* 814 N.W.2d 512, 526 (Iowa 2012); *see also* Iowa Code § 17A.19(10)(m).

Whether Fry suffered a cumulative injury to his left SI joint, manifesting on October 6, 2008, and resulting in permanent impairment is a question of fact. The legislature vested the commissioner with discretion to decide fact questions. *Schutjer v. Algona Manor Care Center*, 780 N.W.2d 549, 558 (Iowa 2010). We defer to the commissioner's factual determinations if they are supported by substantial evidence in the record when that record is viewed as a whole. *Id.* "Substantial evidence" is defined as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the

establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1).

When analyzing worker's compensation appeals, we recognize the law "should be, within reason, liberally construed" to benefit working men and women. *See Univ. of Iowa Hosps. & Clinics v. Waters*, 674 N.W.2d 92, 96 (Iowa 2004).

### III.    Analysis of Employer's Claims

#### A.    Error Preservation

As its first assignment of error, the employer claims the commissioner abused his discretion by "combining separate and unrelated portions of several expert opinions to find [Fry] suffered a cumulative injury to his left sacroiliac (SI) joint that manifested on October 6, 2008." Specifically, the employer accuses the commissioner of "selectively culling of parts of expert opinions" from Dr. Honsey and Dr. Stoken and thereby "distorting these opinions almost beyond recognition." According to the employer, the commissioner *combined* Dr. Honsey's opinion that Fry suffered a traumatic injury to his SI joint on January 15, 2007, *with* Dr. Stoken's view that Fry's hip condition related to the cumulative strain of his job duties of repetitive bending, twisting, and lifting, and Dr. Stoken's impairment rating for both the January 2007 and the October 2008 injury dates.

Fry argues the employer did not preserve this claim in the manner it is framed on appeal. He contends the employer only alleged substantial evidence under section 17A.19(10)(f) on judicial review, but here is alleging an error of law under section 17A.19(10)(c) (erroneous interpretation of law). In reply, West Des

Moines Schools acknowledges wording the issue differently at the district court level, but claims the district court recognized it was alleging an abuse of discretion under section 17A.19(10)(n). West Des Moines Schools does not point to any part of the judicial review order which addresses its appellate claim that the commissioner lacked the discretion to "combine distinct and unrelated sections from expert opinions."

Our preservation rules demand an issue be presented to and passed upon by the district court before it can be raised on appeal. *See Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998); *see also Hy-Vee Food Stores, Inc. v. Iowa Civil Rights Comm'n*, 453 N.W.2d 512, 527 (Iowa 1990) (issue not raised before district court in judicial review is not preserved for appellate review). Accordingly, we will not consider the employer's objection to the "combining" of expert opinions as an independent claim, though we recognize the general complaint about the commissioner's "distortion" of these expert opinions underlies the employer's substantial evidence argument.[2]

### B. Application of Cumulative Injury Doctrine

Disabilities arising from one-time accidents are not the only kind of injuries covered by our workers' compensation statute; disabilities gradually developing over a period of time also subject employers to liability. *McKeever Custom Cabinets v. Smith,* 379 N.W.2d 368, 373 (Iowa 1985). A cumulative injury results from repetitive physical trauma in the workplace. *Id*. at 372–74. In other words, a cumulative injury "develops over time from performing work-related activities

---

[2] We will address the employer's substantial evidence argument after discussing the commissioner's application of the cumulative injury doctrine.

and ultimately produces some degree of industrial disability." *Ellingson v. Fleetguard, Inc.,* 599 N.W.2d 440, 444 (Iowa 1999), *overruled on other grounds by Waldinger v. Mettler*, 817 N.W.2d 1 (Iowa 2012). The "cumulative injury rule" means an employee whose work activities collectively cause him to suffer a debilitating condition may receive compensation when the employee becomes aware of the injury. *Excel Corp. v. Smithart*, 654 N.W.2d 891, 896–97 (Iowa 2002).

West Des Moines Schools argues on appeal that the agency and the district court both incorrectly applied the cumulative injury doctrine to the facts of this case. The employer asserts the record contains "no evidence" Fry suffered a cumulative injury to his left SI joint—the only condition that received a permanent impairment rating. Rather, the employer contends Fry's condition was the result of a traumatic injury that occurred on January 15, 2007.

Fry responds in two ways. First, he echoes the analysis of the district court, that reading the commissioner's decision as a whole, it is apparent he believed the October 2008 incident had a traumatic aspect to it. Second, Fry argues the commissioner's finding that the October 2008 injury is compensable under the cumulative error doctrine is supported by the record. Fry reads the case law as allowing a traumatic injury to "represent the manifestation of a cumulative injury." We find Fry's second response to be persuasive; given the broad interpretation our supreme court has given the cumulative injury doctrine.

In the prototypical cumulative injury case, years of continuous, repetitive movement takes a physical toll on the worker's body. *See, e.g., Larson Mfg.,*

*Co., Inc. v. Thorson*, 763 N.W.2d 842, (Iowa 2009) (chronicling daily tasks of worker at storm door factory). In such cases, a series of smaller hurts advance toward manifestation as an employee requires medical treatment and modification of work activities due to deterioration in function. *Id.* at 859.

But the acceptance of gradual injury as the mechanism of harm does not exclude the idea that acute injuries can contribute to the employee's compensable disability under the cumulative injury doctrine. In the first Iowa case to recognize cumulative injury as a viable theory of recovery under the workers' compensation code, our supreme court recognized two acute injuries to the worker's wrist as "the beginning of a series of hurts." *McKeever Custom Cabinets*, 379 N.W.2d at 373. Similarly, in *Floyd v. Quaker Oats*, 646 N.W.2d 105, 108 (Iowa 2002), the court rejected the employer's argument that cumulative injury was a "distinct and discrete disability solely attributable to work activities over time, as opposed to an aggravation of a preexisting injury from an identified traumatic event." The court decided when an earlier traumatic injury had not been compensated because the petition was dismissed in the face of a statute of limitations defense by the employer, the claimant could recover by way of a cumulative-injury claim for any functional disability shown to have occurred as a result of day-to-day activities in the workplace subsequent to the traumatic injury. *Floyd*, 646 N.W.2d at 108. The court recognized: "Full compensation is allowed for the result of workplace activities aggravating a preexisting condition." *Id.* at 110.

Fry's situation is similar to that in *Floyd.* The cumulative injury to his left SI joint began with an acute injury in January 2007 and manifested in another acute injury in September 2008. Between these bookends, Fry performed rigorous and repetitive physical work activities as a school custodian. Both his treating physician, Dr. Honsey, and Dr. Stoken discussed multiple aggravations worsening the initial injury to Fry's SI joint. Under the analysis in *Floyd*, Fry may recover by way of a cumulative-injury claim for any functional disability resulting from his day-to-day activities at the school, subsequent to his fall in January 2007. *See id.* at 108. Fry anticipated the possibility the commissioner would view the September 2008 vacuuming incident as a cumulative injury in his pleading. It is not unusual that the concepts of cumulative and acute injuries would be intertwined in a work situation like Fry's. *See, e.g., Waters*, 674 N.W.2d at 98–99 (upholding award to long-time hospital custodian on cumulative-injury theory because employer was not prejudiced when employee's pleadings discussed specific dates implying acute injuries).

The case law does not support the employer's position that the possible existence of a compensable injury in January 2007 precluded application of the cumulative-injury doctrine to subsequent work-related aggravations. West Des Moines Schools has not shown the commissioner's application of the cumulative injury doctrine to Fry's condition was irrational, illogical, or wholly unjustifiable.

### C. Substantial Evidence

West Des Moines Schools contend the opinions of Dr. Honsey and Dr. Stoken do not support the commissioner's finding that Fry suffered a cumulative

injury to his left SI joint or a permanent aggravation of a preexisting SI joint condition as a result of the October 6, 2008 vacuuming incident. The employer acknowledges Dr. Honsey found a significant injury to Fry's SI joint from the January 2007 fall, which was aggravated by the October 2008 vacuuming work. But the employer emphasizes Dr. Honsey did not opine the aggravation was permanent nor did he provide an impairment rating. The employer further argues Dr. Honsey never indicated Fry's injury was *cumulative* as determined by the commissioner.

As for Dr. Stoken, the employer quotes her significant findings:

- "Impression: Status post work injury on 1/15/07 with a fall subsequent left hip, shoulder and back contusions and left sacroiliac joint dysfunction."
- "Mr. Fry's incident of 01/15/2007 and/or 10/6/2008 were a substantial causal or substantial aggravating factor in the development of medical conditions that I have diagnosed above."[3]
- "The diagnoses identified [above] relates to the January 15, 2007 injury and the October 6, 2008 injury. There is a cumulative component to his condition to his left should and left him due to repetitive bending, twisting and lifting."

The employer then parses her opinions very finely, contending she never stated Fry suffered cumulative trauma to the SI joint, but rather found his hip and shoulder complaints were cumulative in nature due to the repetitive bending, twisting, and lifting nature of his work. The employer also contends Dr. Stoken's use of the phrase "and/or" leaves it unclear whether she found the October 2008 incident was a cause of Fry's SI joint condition.

---

[3] The employer left out the remainder of this finding: "These are injuries that cause a severe strain and sprain to the left shoulder, left hip, and low back with a left sacroiliac joint dysfunction. This trauma has resulted in chronic pain that he exhibits."

We recognize, as did the district court, that this case features conflicting expert opinions. Those expert opinions provide the foundation for determining medical causation and present a question of fact vested in the commissioner's discretion. *Dunlap v. Action Warehouse*, 824 N.W.2d 545, 555 (Iowa Ct. App. 2012). We will disturb the commissioner's causation finding only if it is not supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f). We view the record as a whole. *Id.* As a reviewing court, our job is not to search for a way to read the expert opinions to defeat the commissioner's findings. *See Schutjer*, 780 N.W.2d at 558 (noting "[b]ecause the commissioner is charged with weighing the evidence, we liberally and broadly construe the findings to uphold his decision"). The ability to draw differing conclusions from the record does not equate with insubstantial evidence. *See Coffey v. Mid Seven Transp. Co.*, 831 N.W.2d 81, 89 (Iowa 2013).

The commissioner's reliance on the views of Dr. Honsey and Dr. Stoken was reasonable and within his discretion. Their expert opinions provided substantial evidence to support the commissioner's conclusion that Fry suffered a cumulative injury to his SI joint, starting from his fall in January 2007 and manifesting itself on October 6, 2008.

Contrary to the employer's argument, the commissioner *does* have authority to pick and choose which aspects of an expert opinion deserve weight. *See Gifts Mfg. Co. v. Frank*, __ N.W.2d __, 2014 WL 5286513, at *2 (Iowa 2014). Findings of the commissioner are akin to a jury verdict, and we broadly apply them to uphold the agency decision. *Frye v. Smith-Doyle Contractors*, 569

N.W.2d 154, 155 (Iowa Ct. App. 1997). Expert opinion testimony may be accepted or rejected in whole or in part by the trier of fact. *Id.* at 156.

Dr. Honsey identified the SI joint as the "primary pain generator" since the January 2007 incident and at the time of the litigation. Dr. Honsey further opined the October 2008 event "significantly exacerbated his January 2007 injury and was more significant than the lesser aggravations Mr. Fry experienced between January 2007 and October 2008. . . ." Dr. Honsey concluded the chronic pain in Fry's SI joint has become "a permanent injury and results from his original fall on January 15, 2007, and a number of activities cause exacerbations which occurred since that time, including the vacuuming incident of October 15, 2008." Dr. Honsey's references to multiple aggravations warranted the commissioner's finding that Fry's SI joint injury was cumulative in nature. *See McKeever Custom Cabinets*, 379 N.W.2d at 374 (finding worker "came by his disabled wrist from numerous incidents over a period of time" including two traumatic injuries).

Dr. Stoken also found a cumulative component to Fry's condition based on the repetitive bending, twisting, and lifting he did as a school custodian. When read in its entirety, Dr. Stoken's evaluation recognized the incremental strains on Fry's shoulder, hip, *and SI joint* from his strenuous work duties. The commissioner was entitled to find that Dr. Stoken's view placed "in context both the 2007 injury and the last significant exacerbation on October 6, 2008."

As noted above, workers' compensation benefits are available when workplace activities aggravate a preexisting condition. *Floyd*, 646 N.W.2d at 110 (finding sufficient evidence to show cumulative injury to worker's knee, which

occurred subsequent to initial work-related knee injury). The substantial aggravating factors causing Fry's permanent impairment were discussed by both Dr. Honsey and Dr. Stoken. When we review the agency record as a whole, we find their opinions offer ample support for the commissioner's finding that Fry should be compensated for a cumulative injury to his left SI joint. Fry's injury manifested during the October 2008 vacuuming incident, but resulted from aggravations of his preexisting condition stemming from the January 2007 fall.

The commissioner was also entitled to rely on Dr. Stoken's opinion concerning the extent of Fry's industrial disability. Industrial disability measures an injured worker's lost earning capacity. *Swiss Colony, Inc. v. Deutmeyer*, 789 N.W.2d 129, 137 (Iowa 2010) (reiterating multi-factored test for functional disability, including worker's age, qualifications, and ability to engage in similar employment). Fry is now in his mid-fifties and has a high school education. His professional life has been spent in physically demanding jobs. Dr. Stoken believed Fry should have reasonable work restrictions to avoid repetitive bending, twisting, and lifting items of more than thirty pounds. The commissioner determined Fry had lost a significant amount of access to the labor market should he lose his current custodian position. The commissioner placed Fry's loss of earning capacity at twenty-five percent. Substantial evidence supports the commissioner's decision.

### D. Healing Period Benefits, Alternate Medical Care and Mileage

West Des Moines Schools contend Fry was not entitled to healing period benefits under Iowa Code section 85.34 or temporary total disability benefits

under section 85.33. The employer alleges Fry did not miss work as a result of the October 6, 2008 vacuuming incident. The employer also argues Fry is not entitled to alternate medical care or mileage expenses because his ongoing health complaints are not related to a workplace injury.

We reject the employer's contentions. The record shows Fry missed work due to his workplace injury on the dates stipulated to by his employer. Accordingly, he is entitled to the healing period benefits identified in the commissioner's decision. Fry also is entitled to the reimbursement of medical expenses and alternative medical care ordered by the commissioner under section 85.27. We affirm the judicial review order in its entirety.

**AFFIRMED.**